**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL,<br><br>Defendants. | Case No.: 1:23-cv-00409-MN<br><br>Hon. Maryellen Noreika |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL,<br><br>Defendants. | Case No.: 1:23-cv-00576-MN<br><br>Hon. Maryellen Noreika |

**MEMORANDUM OF LAW IN SUPPORT OF GLORIA ANN EVANS'**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD**
**PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**HALLORAN FARKAS + KITTILA LLP**
Theodore A. Kittila (No. 3963)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Telephone: (302) 257-2025
Email: tk@hfk.law

*Liaison Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, New York 10006
Tel. (212) 363-7500
Fax: (212) 363-7500
Email: aapton@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

Dated: June 12, 2023

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 4

ARGUMENT ...................................................................................................................... 5

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED .................................... 5

    II.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ....................... 5

        A.   The Procedure Required by the PSLRA ........................................................ 5

            1.    Movant is Willing to Serve as Class Representative ........................... 7

            2.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class ........................................................................................... 7

        B.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................................................................ 8

            1.    Movant's Claims are Typical of the Claims of all the Class Members ............ 9

            2.    Movant Will Adequately Represent the Class ................................. 10

    III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ........................... 11

CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake Partners, Inc. v. Orbcomm, Inc.*,
  2008 U.S. Dist. LEXIS 43061 (D.N.J. June 2, 2008) .......................................................... 9, 10

*Chao Sun v. Han*,
  2015 U.S. Dist. LEXIS 64060 (D.N.J. May 14, 2015) ............................................................. 9

*In re Drexel Burnham Lambert Group*,
  960 F.2d 285 (2d Cir. 1992)................................................................................................... 10

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982)................................................................................................................ 10

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998).................................................................................................. 9

*In re Milestone Scientific Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. Oct. 22, 1998) .................................................................................. 10

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014)....................................................................................... 9, 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 9

*In re Party City Secs. Litig.*,
  189 F.R.D. 91 (D.N.J. 1999)..................................................................................................... 8

*In re Razorfish, Inc. Secs. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)...................................................................................... 2

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)...................................................................................................... 9

*Schulman v. Lumenis, Ltd.*,
  2003 WL 21415287 (S.D.N.Y June 18, 2003) ........................................................................ 8

*Smith v. Suprema Specialties, Inc.*,
  206 F. Supp. 2d 627 (D.N.J. 2002) .......................................................................................... 2

*Soto v. Hensler*,
  235 F. Supp. 3d 607 (D. Del. 2017)......................................................................................... 2

*Vandevelde v. China Nat. Gas, Inc.*,
  277 F.R.D. 126 (D. Del. 2011) ............................................................................................. 7, 8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ......................................................................... 8, 9

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984)................................................................................. 10

*Weltz v. Freeman*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ..................................................................... 7, 8, 9

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 2, 8, 9

Fed. R. Civ. P. 42(a) ............................................................................................... 5

iv

**PRELIMINARY STATEMENT**

Presently pending before the Court are the above-captioned actions (the "Actions") brought on behalf of all persons and entities who purchased or otherwise acquired Plug Power Inc. ("Plug" or the "Company") common stock between August 9, 2022, and March 1, 2023, inclusive (the "Class Period"). The Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Andrew Marsh ("Marsh"), Paul B. Middleton ("Middleton"), David Mindnich ("Mindnich"), and Martin D. Hull ("Hull"), (collectively, the "Defendants").

Gloria Ann Evans ("Movant") lost approximately $160,800.00 as a result of the alleged fraud during the Class Period. Movant respectfully submits this Memorandum of Law in support of her Motion for: (1) consolidation of the Actions; (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Halloran Farkas + Kittila LLP as Liaison Counsel; and (4) the granting of such other and further relief as the Court may deem just and proper.

Movant believes that she has the largest financial interest in the outcome of the case.[1] As such, Movant meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the

---

[1] Movant's certification identifying her transactions in shares of Plug common stock, as required by the PSLRA, as well as a chart identifying her losses are attached to the declaration of Theodore A. Kittila ("Kittila Decl."), dated June 12, 2023 as Exhibits A and B, respectively.

interests of the Class.[2]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made *a prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002); *Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017). Movant satisfies these requirements.

## STATEMENT OF FACTS[3]

Plug, a Delaware corporation with principal executive offices in Latham, New York, develops hydrogen fuel cell power systems for use in electric vehicles, stationary power units, and other purposes. ¶ 23. Among the Company's products are hydrogen electrolyzers, which use electricity to split water into hydrogen and oxygen so the hydrogen can be stored for later use. Plug's common stock trades on the NASDAQ under the ticker symbol "PLUG." *Id.*

The *Melton* Complaint alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business and operations. ¶ 8. Specifically, Defendants misrepresented and/or failed to disclose that the Company was unable to effectively manage its supply chain and product

---

[2] The "Class" is comprised of all persons who purchased shares of Plug common stock during the Class Period. Excluded from the Class are defendants and their families, the current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Melton* Complaint") filed in the action styled *Melton v. Plug Power Inc., et. al.,* Case No. 1:23-cv-00409-MN (the "*Melton* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Melton* Complaint. The facts set forth in the *Melton* Complaint are incorporated herein by reference.

manufacturing, resulting in reduced revenues and margins, increased inventory levels, and several large deals being delayed until at least 2023, among other issues. *Id.* As a result, Defendants' statements about the Company's business, operations, prospects, and ability to effectively manage its supply chain and production lacked a reasonable basis. *Id.*

The Class Period begins on August 9, 2022, to coincide with the publication of Plug's financial results for the second quarter of 2022, when Defendants assured investors that the Company had a "Strong Business Outlook" and touted a $15 billion sales funnel. ¶ 3. Defendants also emphasized that the Company's supply chain was strong—with the Company's Chief Executive Officer stating that he did "not foresee supply chain issues this year"—and that Plug's rapidly growing inventory was simply attributable to the substantial growth the Company would experience in the second half of 2022. *Id.* Consistent with these representations, Defendants projected that the Company would generate 2022 revenue between $900 million and $925 million, representing approximately 80% year-over-year growth. *Id.*

Just a few months later, on October 14, 2022, investors began to learn the truth about Plug's prospects when the Company warned that full-year revenue could be 5% to 10% lower than previously projected. ¶ 4. Defendants attributed the revenue revision to "some larger projects potentially being completed in 2023 instead of 2022 due to timing and broader supply chain issues." *Id.* On this news, the price of Plug common stock declined $1.20 per share, or more than 6%, from a close of $19.23 per share on October 13, 2022, to close at $18.03 per share on October 14, 2022. *Id.*

About three weeks later, on November 8, 2022, the Company reported its financial results for the third quarter of 2022, reporting a decrease in gross margins and a further increase in inventory levels. ¶ 5. On this news, the price of Plug common stock declined $0.20 per share, or

3

more than 1%, from a close of $14.81 per share on November 8, 2022, to close at $14.61 per share on November 9, 2022. *Id.*

On January 25, 2023, despite Defendants' previous assurances that revenue growth would be at least 60% on a year-over-year basis, Plug revealed that it now expected to generate year-over-year revenue growth of just 45% to 50% in 2022. ¶ 6. Defendants explained that this disappointing result "had to do with the fact that the new products came out a little slower than we hoped," as Plug's "[m]anufacturing had a few more issues than we hoped" and "added . . . complexity to supply chain." *Id.* Following this revelation, the price of Plug common stock declined $0.97 per share, or approximately 6%, from a close of $16.34 per share on January 25, 2023, to close at $15.37 per share on January 26, 2023. *Id.*

Then, after the market closed on March 1, 2023, the Company announced its financial results for the fourth quarter and full year 2022, including full-year revenue growth of just 40% on a year-over-year basis—missing even the reduced guidance range provided just a few weeks prior. ¶ 7. On this news, the price of Plug common stock declined $0.88 per share, or more than 6%, from a close of $14.21 per share on March 1, 2023, to close at $13.33 per share on March 2, 2023. *Id.*

## NATURE AND STAGE OF THE PROCEEDINGS

On April 12, 2023, the *Melton* Action was filed in this Court against the Defendants. The *Melton* Action asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, on behalf of the Class who were damaged thereby. The *Melton* Action is in the preliminary stages of litigation and requires the appointment of a lead plaintiff and lead counsel.

On May 25, 2023, a substantially similar action was filed against Plug in this Court, entitled *Buttar v. Plug Power Inc., et al.,* Case No. 1:23-cv-00576-MN (the "*Buttar* Action"). Movant has requested consolidation of the *Melton* and *Buttar* Actions.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, consolidation under Rule 42(a) is appropriate.

**II.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

**A.    The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

5

Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. § 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### *1.      Movant is Willing to Serve as Class Representative*

On April 12, 2023, plaintiff's counsel in the first-filed Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Plug and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[4] Movant has reviewed a complaint filed in the pending Actions and has timely filed her motion pursuant to the Notice.

### *2.      Movant Has the Requisite Financial Interest in the Relief Sought by the Class*

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. See Kittila Decl., Exhibits A and B. The movant with the largest financial interest who also makes *a prima facie* showing of the typicality and adequacy requirements under Rule 23 is presumptively the lead plaintiff. *See Weltz v. Freeman*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001); *Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011).

During the Class Period, Movant purchased Plug shares in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $160,800.00 as a result. *See* Kittila Decl., Exhibit B. Movant thus has a significant financial interest in the outcome of this case. To the best of her

---

[4] The *Melton* Action was filed in this Court on April 12, 2023. On that same day, the Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Kittila Decl., Exhibit C.

knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

> **B.     Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23.

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Vandevelde*, 277 F.R.D. at 132; *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg*, 216 F.R.D. at 252.

Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*; *Chao Sun v.*

*Han*, 2015 U.S. Dist. LEXIS 64060, at *6 (D.N.J. May 14, 2015) (limiting analysis to typicality and adequacy and "defer[ring] examination of the remaining requirements until…class certification"); *Blake Partners, Inc. v. Orbcomm, Inc.*, 2008 U.S. Dist. LEXIS 43061, at *19 (D.N.J. June 2, 2008); *Weltz*, 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as lead plaintiff.

### 1.      *Movant's Claims are Typical of the Claims of all the Class Members*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (1) she suffered the same injuries as the absent class members; (2) she suffered as a result of the same course of conduct by the defendants; and (3) her claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014) (typicality satisfied as long as claims are not "markedly different" from circumstances of and theories relied on by the class); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 414-415 (D.N.J. Oct. 22, 1998). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[5]

---

[5] Although not relevant for the purposes of this Motion, a finding of typicality frequently supports a finding of commonality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because the Movant's claims are identical to and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Plug common stock during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, her claims are typical, if not identical, to those of the other members of the Class because she suffered losses similar to those of other Class members and her losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also OFI Risk Arbitrages*, 63 F. Supp. 3d at 401; *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2.    *Movant Will Adequately Represent the Class*

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Drexel Burnham*, 960 F.2d at 291; *Blake Partners, Inc.*, 2008 U.S. Dist. LEXIS 43061 at *21; *OFI Risk Arbitrages*, 63 F. Supp. 3d at 401 (adequacy satisfied where movants have incentive to vigorously prosecute claims and have no conflicts with proposed class).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with the Movant's identical interest with the members of the Class,

10

demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for over 30 years. She resides in Lake Wylie, South Carolina, and possesses a Doctorate in Public Health. Movant is currently retired, but prior to that, was employed as an International Health Consultant to the Ministry of Health in South Sudan through funding from Liverpool Associates in Tropical Health. Further, Movant has experience overseeing attorneys, as she has hired attorneys for real estate, intellectual property, and employment related matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Kittila Decl., Ex. D, Movant's Declaration in support of her motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

## III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

11

Movant has selected and retained Levi & Korsinsky as proposed Lead Counsel for the Class and Halloran Farkas + Kittila LLP as the proposed Liaison Counsel. The members of Levi & Korsinsky and Halloran Farkas + Kittila LLP have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Kittila Decl. Exhibits E, F (the firm résumés of Levi & Korsinsky and Halloran Farkas + Kittila LLP).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class; (3) approve Levi & Korsinsky as Lead Counsel and Halloran Farkas + Kittila LLP as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 12, 2023

Respectfully Submitted,

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Telephone: (302) 257-2025
Email: tk@hfk.law

*Liaison Counsel for Gloria Ann Evans and [Proposed] Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Gloria Ann Evans and [Proposed] Lead Counsel for the Class*

12