## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL, <br><br> Defendants. | Case No. 1:23-cv-00409-MN |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL, <br><br> Defendants. | Case No. 1:23-cv-00576-MN |

**OPENING BRIEF IN SUPPORT OF THE MOTION OF PEACE OFFICERS' ANNUITY AND BENEFIT FUND OF GEORGIA FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

**Dated: June 12, 2023**

**SAXENA WHITE P.A.**
Thomas Curry (DE Bar ID #5877)
Tayler D. Bolton (DE Bar ID #6640)
824 N. Market Street, Suite 1003
Wilmington, DE 19801
Telephone: (302) 485-0483
Facsimile: (888) 424-8566
tcurry@saxenawhite.com
tbolton@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Peace Officers' Annuity and Benefit Fund of Georgia, and Proposed Lead Counsel for the Class*
[Additional counsel listed on signature block]

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ....................................................................3

SUMMARY OF THE ARGUMENT ...................................................................................3

STATEMENT OF FACTS ..................................................................................................4

ARGUMENT ......................................................................................................................7

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................7

II.     GEORGIA PEACE OFFICERS IS THE MOST ADEQUATE
        PLAINTIFF.................................................................................................................8

        A.      Georgia Peace Officers Has Timely Moved for Appointment as Lead
                Plaintiff ..........................................................................................................9

        B.      Georgia Peace Officers Has the Largest Financial Interest in the Relief
                Sought by the Class.........................................................................................9

        C.      Georgia Peace Officers Satisfies Rule 23's Typicality and Adequacy
                Requirements ................................................................................................10

                1.      Georgia Peace Officers' Claims Are Typical of Those of the Class .........11

                2.      Georgia Peace Officers Will Fairly and Adequately Protect the
                        Interests of the Class ................................................................................11

III.    GEORGIA PEACE OFFICERS' SELECTION OF COUNSEL SHOULD
        BE APPROVED ........................................................................................................13

CONCLUSION..................................................................................................................16

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bardaji v. Match Group, Inc.*,
  No. 23-245 (MN), 2023 WL 3624774 (D. Del. May 24, 2023) .......................................10, 11

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)............................................................................ *passim*

*Patel v. Coinbase Global, Inc.*,
  No. 22-4915 (BRM) (LDW), 2022 WL 17582549 (D.N.J. Dec. 12, 2022) .........................3, 8

*Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*
  No. 1:17-cv-00304-WJM-NRN, 2021 WL 1387110 (D. Colo. Apr. 13, 2021) ................12, 13

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
  No. 4:16-cv-05541-ST (N.D. Cal.) .........................................................................14

*Wigginton v. Advance Auto Parts, Inc.*,
  No. 18-212 (MN), 2018 WL 5729733 (D. Del. Nov. 2, 2018)...................................11, 12, 13

**Statutes**

15 U.S.C. § 78u-4(a) .............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...........................................................................................10, 11

Fed. R. Civ. P. 42(a) ...........................................................................................1, 3, 8

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730........................2, 12

ii

Proposed Lead Plaintiff Peace Officers' Annuity and Benefit Fund of Georgia ("Georgia Peace Officers") respectfully submits this opening brief in support of its motion for: (1) consolidation of the above-captioned, related actions (the "Related Actions"); (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for a class (the "Class") of all persons and entities who purchased or otherwise acquired common stock of Plug Power Inc. ("Plug Power" or the "Company") between August 9, 2022, and March 1, 2023, inclusive (the "Class Period"); (3) approval of its selection of Saxena White P.A. ("Saxena White") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the Class; and (4) award of any such other and further relief as the Court may deem just and proper.

## INTRODUCTION

The Related Actions are securities class action lawsuits brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, against Plug Power and certain of its executive officers (collectively, "Defendants"). As outlined below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").

After consolidation, the PSLRA directs the Court to appoint as Lead Plaintiff the "most adequate plaintiff," *i.e.*, the movant that has demonstrated the "largest financial interest" in the litigation and also meets the typicality and adequacy prongs of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff).

1

Georgia Peace Officers respectfully submits that it is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Georgia Peace Officers' motion is timely and its loss of $176,676 under a last-in, first-out ("LIFO") analysis in connection with its purchases of Plug Power common stock during the Class Period represents the largest known financial interest in the relief sought by the Class.  *See* Declaration of Thomas Curry in Support of the Motion of Peace Officers' Annuity and Benefit Fund of Georgia for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Curry Decl."), Exs. A & B (certification of Georgia Peace Officers and chart setting forth calculations related to Georgia Peace Officers' loss).  In addition, Georgia Peace Officers readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class and because it will fairly and adequately represent the Class.  Also, as an institutional investor responsible for overseeing approximately $1 billion in assets and with substantial experience overseeing the prosecution of a securities class action, Georgia Peace Officers is exactly the type of lead plaintiff that Congress had in mind when enacting the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Georgia Peace Officers also has demonstrated its adequacy by retaining experienced and competent counsel to represent the Class.  Saxena White and Kessler Topaz have substantial experience serving as lead counsel and have jointly prosecuted a number of cases, and Kessler Topaz already has taken affirmative steps to protect the interests of the Class by investigating Defendants' conduct and filing the first action in this matter.  *See Melton v. Plug Power Inc.*, No. 1:23-cv-00409-MN (D. Del.) ("*Melton*").

Accordingly, Georgia Peace Officers respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## NATURE AND STAGE OF PROCEEDINGS

Pending before the Court are two related securities class actions: *Melton v. Plug Power Inc.*, No. 1:23-cv-0409 (filed Apr. 12, 2023) and *Buttar v. Plug Power Inc.*, No. 1:23-cv-0576 (filed May 25, 2023). The Related Actions name as defendants Plug Power and its Chief Executive Officer Andrew Marsh ("Marsh"), its Chief Financial Officer Paul B. Middleton ("Middleton"), its Executive Vice President of Global Manufacturing David Mindnich ("Mindnich"), and its Controller and Chief Accounting Officer Martin D. Hull. The Related Actions assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 on behalf of all persons and entities who purchased or otherwise acquired Plug Power common stock between August 9, 2022, and March 1, 2023. In connection with the filing of the first-filed *Melton* action, Kessler Topaz published a notice in *Globe Newswire* on April 12, 2023, alerting investors to the pendency of the action and informing them of the June 12, 2023 deadline for seeking appointment as Lead Plaintiff. *See* Curry Decl., Ex. C.

The Related Actions are in the preliminary stages of litigation. They warrant consolidation and, pursuant to the PSLRA, require appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires courts to address consolidation before selecting a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). In terms of consolidation, Rule 42(a) states that consolidation of actions before the court is appropriate if such actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Patel v. Coinbase Global, Inc.*, No. 22-4915 (BRM) (LDW), 2022 WL 17582549, at *2 (D.N.J. Dec. 12, 2022) ("Consolidation is routinely

granted where securities class actions involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay.") (internal quotation and citation omitted). Georgia Peace Officers respectfully submits that consolidation is appropriate because the Related Actions assert claims under the Exchange Act against the same defendants during identical class periods for substantially the same conduct.

2.      Following consolidation, the PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Georgia Peace Officers respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because it: (1) timely filed a motion; (2) to the best of its knowledge, has the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class. *See id.* § 78u-4(a)(3)(B)(iii)(I).

3.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). Accordingly, Georgia Peace Officers respectfully requests that the Court approve its selection of Saxena White and Kessler Topaz as Lead Counsel for the Class.

## STATEMENT OF FACTS

Plug Power, a Delaware corporation with principal executive offices in Latham, New York, develops hydrogen fuel cell power systems for use in electric vehicles, stationary power units, and other purposes. Its stock trades on the Nasdaq Capital Market under the ticker symbol "PLUG."

The Related Actions allege that, during the Class Period, Defendants made materially false and/or misleading statements and omissions regarding the Company's business and operations. Specifically, Defendants misrepresented and/or failed to disclose that Plug Power was unable to effectively manage its supply chain and product manufacturing, resulting in reduced revenues and

4

margins, increased inventory levels, and several large deals being delayed until at least 2023, among other issues.  As a result, Defendants' statements about the Company's business, operations, prospects, and ability to effectively manage its supply chain and production lacked a reasonable basis.  *See* D.I. 1 ¶ 30.[1]

On October 14, 2022, Defendants announced that the Company's "prior full year 2022 revenue guidance of $900-925M could be 5%-10% lower for the year" and attributed this revised guidance to "some larger projects potentially being completed in 2023 instead of 2022 due to timing and broader supply chain issues."  On this news, the price of Plug Power common stock declined $1.20 per share, or more than 6%, from a close of $19.23 per share on October 13, 2022, to a close of $18.03 per share on October 14, 2022.  *See id.* ¶¶ 31-32.

While some information about the Company's true condition began to surface, Defendants continued to mislead the market.  For example, during a Company symposium on October 19, 2022, Defendants assured investors that this revised guidance still represented substantial growth, with Defendant Middleton explaining that "even at the lower end of what we shared, we would still achieve 60% growth year-over-year."  Defendants also emphasized that the Company was already resolving its supply chain issues, with Defendant Mindnich stating that "we're taking the right steps right now, and we're going to continue to stay ahead of it."  Defendant Mindnich further assured investors that "[o]ur supply chain team and our leader in supply chain is world-class."  *See id.* ¶¶ 33-34.

Additional corrective events continued to surface.  Specifically, on November 8, 2022, the Company reported its financial results for the third quarter of 2022, revealing that—contrary to Defendants' prior claims of substantial growth in the second half of 2022—the Company's gross

---

[1] All references to "D.I." refer to the *Melton* docket.

margins had decreased 3% sequentially, and 2% on a year-over-year basis, and that Plug Power's inventory levels had further increased to $516 million.  In response to the Company's declining margins and growing inventory levels, the price of Plug Power common stock declined $0.20 per share, or more than 1%, from a close of $14.81 per share on November 8, 2022, to a close of $14.61 per share on November 9, 2022.  *See id.* ¶¶ 36-37.

These events did not dissuade Defendants from minimizing the risks facing Plug Power. During Plug Power's earnings conference call on November 8, 2022, when an analyst expressed concern about the Company's decreasing margins and increasing inventory, Defendant Middleton again assured investors that the Company's inventory buildup was the result of anticipated sales volume in the fourth quarter of 2022, and stated that "[w]e have the fortunate problem of a big growing backlog," and that "we're focused mainly on delivering and growing that and then you optimize."  Defendants also reaffirmed the Company's recently updated 2022 guidance.  *See id.* ¶ 38.

On January 25, 2023, despite Defendants' continued assurances that Plug Power's revenue would still grow at least 60% year over year and that Plug Power was addressing its supply chain issues, the Company provided a disappointing business update.  Specifically, Defendants reported that the Company now expected 2022 revenue growth of just 45% to 50% year over year—far below both its original projections of approximately 80% growth year over year and the low end of the Company's updated 60% year-over-year growth range that Defendants reaffirmed less than three months prior.  In explaining the sizable revenue miss, Defendant Marsh explained that "new products came out a little slower than we hoped," as Plug Power's "[m]anufacturing had a few more issues than we hoped" and "added . . . complexity to supply chain."  On this news, the price of Plug Power common stock declined $0.97 per share, or approximately 6%, from a close of

6

$16.34 per share on January 25, 2023, to a close of $15.37 per share on January 26, 2023. *See id.*
¶¶ 40-41.

Just a few weeks later, after the market closed on March 1, 2023, Plug Power announced disappointing financial results for the fourth quarter and full year 2022, including annual revenue of $701.4 million—representing only 40% year-over-year growth and missing even the reduced guidance the Company had recently provided. On this news, the price of Plug Power common stock declined $0.88 per share, or more than 6%, from a close of $14.21 per share on March 1, 2023, to a close of $13.33 per share on March 2, 2023. *See id.* ¶¶ 42-43.

Defendants' material misrepresentations and omissions and the revelations thereof have caused Georgia Peace Officers and the Class to incur substantial losses.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Currently, there are two related securities class actions asserting claims under the federal securities laws on behalf of investors against Plug Power:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Melton v. Plug Power Inc., et al.,* No. 1:23-cv-00409-MN (D. Del.) | April 12, 2023 | Sections 10(b) and 20(a) of the Exchange Act; August 9, 2022, through March 1, 2023 |
| *Buttar v. Plug Power Inc., et al.,* No. 1:23-cv-00576-MN (D. Del.) | May 25, 2023 | Sections 10(b) and 20(a) of the Exchange Act; August 9, 2022, through March 1, 2023 |

7

Under Rule 42(a), consolidation of actions before the court is appropriate where the actions "involve a common question of law or fact." *Patel*, 2022 WL 17582549, at *2. Here, the Related Actions assert similar claims under the Exchange Act relating to substantially the same conduct and against the same defendants during identical class periods. Accordingly, the Related Actions involve common questions of law or fact and, therefore, should be consolidated.

## II.      GEORGIA PEACE OFFICERS IS THE MOST ADEQUATE PLAINTIFF

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *See id*. § 78u-4(a)(3)(A)(i). Within sixty days of the publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a member of the purported class and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of the entire class. *See id*. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

8

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon

"proof" that the movant "will not fairly and adequately protect the interests of the class" or "is

subject to unique defenses that render such plaintiff incapable of adequately representing the

class."  *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, Georgia Peace Officers is the "most adequate plaintiff" because it: (1) timely moved

for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought

by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion.

*Id*. § 78u-4(a)(3)(B)(iii)(I).

### A.    Georgia Peace Officers Has Timely Moved for Appointment as Lead Plaintiff

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the notice published on April 12, 2023, by

Kessler Topaz on *Globe Newswire* following the filing of the *Melton* action, alerted investors to

the filing of the action and the June 12, 2023 deadline for seeking appointment as Lead Plaintiff.

*See* Curry Decl., Ex. C.  Thus, pursuant to the PSLRA, any member of the proposed Class may

apply for appointment as Lead Plaintiff within 60 days of the publication of the notice, *i.e.*, on or

before June 12, 2023. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Accordingly, Georgia Peace Officers

has timely filed its motion.

### B.    Georgia Peace Officers Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who

"otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here,

Georgia Peace Officers suffered a loss of $176,676 under a LIFO analysis in connection with its

purchases of Plug Power common stock during the Class Period.  *See* Curry Decl., Exs. A & B; *Cendant*, 264 F.3d at 262 (noting that "courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs") (citations omitted).  To the best of its knowledge, Georgia Peace Officers has the largest financial interest in this matter and is the presumptive "most adequate plaintiff."  *See id.* at 243 ("The Reform Act establishes a presumption that the class member most capable of adequately representing the interests of class members is the shareholder with the largest financial stake in the recovery sought by the class.") (internal quotation marks and citation omitted).

### C.    Georgia Peace Officers Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the relief sought by the Class, the lead plaintiff must also satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a movant may serve as class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  However, at the lead plaintiff stage, a movant need only make a "*prima facie* showing of typicality and adequacy."  *Cendant*, 264 F.3d at 263; *see also Bardaji v. Match Group, Inc.*, No. 23-245 (MN), 2023 WL 3624774, at *2 (D. Del. May 24, 2023) ("At this stage, the Court's inquiry need not be extensive and should only consider whether the movant has stated

10

a *prima facie* case of typicality and adequacy under Rule 23.") (internal quotation and citation omitted).

### 1.   Georgia Peace Officers' Claims Are Typical of Those of the Class

The typicality requirement "consider[s] whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based." *Id.* at 265 (internal quotation marks and citations omitted; alterations in original). Georgia Peace Officers satisfies the typicality requirement because, just like all other proposed Class members, it seeks recovery for losses incurred as a result of declines in the price of Plug Power common stock due to Defendants' misrepresentations and omissions. Thus, Georgia Peace Officers' claims arise from the same conduct as those of the other Class members, and Georgia Peace Officers is typical. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-212 (MN), 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018) (finding that a lead plaintiff movant had satisfied the typicality requirement where its claims were "based on the same conduct and legal theories as the proposed class claims").

### 2.   Georgia Peace Officers Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 is satisfied where a movant establishes that it can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In evaluating whether a movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (citations omitted; alterations in original).

Georgia Peace Officers would be a fair and adequate representative for the Class because, given the substantial loss it incurred on its investments in Plug Power common stock, its interest

11

in vigorously pursuing claims against Defendants aligns with the interests of other Class members who were similarly harmed as a result of Defendants' false and/or misleading statements. There is no potential conflict between the interests of Georgia Peace Officers and other members of the Class, and Georgia Peace Officers is fully committed to vigorously pursuing the claims on behalf of the Class. *See Advance Auto Parts*, 2018 WL 5729733, at *4-5 (finding that a lead plaintiff movant had satisfied the adequacy requirement because it had "a clear incentive to pursue the present claims against Defendants vigorously," had "retained adequate counsel to represent the entire class," and there was "no evidence of any conflicts between [the movant's] claims and those of the proposed class").

Moreover, Georgia Peace Officers, a highly sophisticated institutional investor with approximately $1 billion in assets under management, is the prototypical lead plaintiff that Congress sought to have leading securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); *see also Advance Auto Parts*, 2018 WL 5729733, at *4 (noting preference for institutional investors serving as lead plaintiffs). Georgia Peace Officers has the ability, resources, and incentive to vigorously represent the claims of the Class and supervise Class counsel. Georgia Peace Officers also understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary." Curry Decl., Ex. A.

Importantly, Georgia Peace Officers has significant prior experience serving as a lead plaintiff in securities class actions under the PSLRA. *See, e.g.*, *Peace Officers' Annuity & Benefit*

12

*Fund of Ga. v. DaVita Inc.*, No. 17-cv-0304-WJM-NRN, 2021 WL 1387110 (D. Colo. Apr. 13, 2021) (achieving a recovery of $135 million for injured investors).  Georgia Peace Officers has further demonstrated its adequacy through its selection of Saxena White and Kessler Topaz as Proposed Lead Counsel for the Class.  As discussed more fully below, Saxena White and Kessler Topaz are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their capability to efficiently, effectively, and professionally conduct complex securities class action litigation and other forms of shareholder litigation both as sole lead counsel and when working together with each other as co-lead counsel.  Accordingly, Georgia Peace Officers satisfies the adequacy requirement.

### III.  GEORGIA PEACE OFFICERS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274 ("[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.").  Here, Georgia Peace Officers has selected and retained Saxena White and Kessler Topaz to serve as Lead Counsel for the Class.  Georgia Peace Officers' selection of counsel should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Advance Auto Parts*, 2018 WL 5729733, at *6 (finding "no basis . . . to disturb the PSLRA's 'strong presumption' in favor of a lead plaintiff's selection and retention of counsel"); *see also* Curry Decl., Exs. D & E (Firm résumés of Saxena White and Kessler Topaz).

Saxena White has secured substantial recoveries on behalf of investor classes while serving as lead counsel in securities class actions throughout the country and maintains an office in this District.  The firm's experience includes the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 1:10-cv-00990-ER (D. Del.); the $135 million recovery in *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-

13

WJM-NRN (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 3:14-cv-01395-TJC-JBT (M.D. Fla.); the $53.3 million recovery in *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-07644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 1:17-cv-02587-ELR (N.D. Ga.); the $100 million recovery in *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-00209 (D.N.J.) (serving on the Executive Committee); and the $17.5 million recovery in *Teamsters Local 456 Pension Fund v. Universal Health Services Inc.*, No. 2:17-cv-02817 (E.D. Pa.). Moreover, Saxena White achieved a $240 million settlement together with significant corporate governance reforms in a derivative action on behalf of Wells Fargo & Company—the largest insurance-funded monetary recovery in a shareholder derivative settlement in history. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-05541-ST (N.D. Cal.). Furthermore, as a federally certified woman- and minority-owned firm specializing in representing institutional investors in securities litigation, Saxena White is deeply committed to the important goal of increasing diversity among class counsel.

Kessler Topaz also specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million

recovery).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions across the country, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-01339 (JLA) (N.D. Ill.).  Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, 52 A.3d 761 (Del. Ch. 2011), *aff'd sub nom. Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Additionally, Saxena White and Kessler Topaz have experience jointly developing, prosecuting, and settling class action lawsuits under the federal securities laws.  For example, both firms filed the initial complaint in *Plymouth County Retirement System v. Apache Corp.*, No. 4:21-cv-00575 (S.D. Tex.) and, as co-lead counsel, successfully defeated defendants' motion to dismiss claims in its entirety.  *See Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 721 (S.D. Tex. 2021) (appointing Saxena White and Kessler Topaz as co-lead counsel); *In re Apache Corp.*, No. 4:21-cv-00575, 2022 WL 4277350, at *1 (S.D. Tex. Sept. 15, 2022), *mem. & R. adopted sub nom. Plymouth Cnty. Ret. Ass'n v. Apache Corp.*, No. 4:21-cv-00575, 2022 WL 17324439 (S.D. Tex. Nov. 29, 2022) (denying defendants' motion to dismiss); *cf. In re Sadia S.A. Sec. Litig.*,

15

No. 1:08-cv-09528-SAS (S.D.N.Y.) (jointly prosecuting claims resulting in a $27 million settlement).

Thus, the Court may be assured that Saxena White and Kessler Topaz would provide the highest caliber of legal representation available to the Class. Accordingly, Georgia Peace Officers' selection of counsel should be approved.

## CONCLUSION

For the reasons stated herein, Georgia Peace Officers respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Georgia Peace Officers as Lead Plaintiff; (3) approve its selection of Saxena White and Kessler Topaz as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: June 12, 2023

Respectfully submitted,

/s/ Thomas Curry
Thomas Curry (DE Bar ID #5877)
Tayler D. Bolton (DE Bar ID #6640)
**SAXENA WHITE P.A.**
824 N. Market Street, Suite 1003
Wilmington, DE 19801
Telephone: (302) 485-0483
Facsimile: (888) 424-8566
tcurry@saxenawhite.com
tbolton@saxenawhite.com

-and-

Maya Saxena (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Ryan T. Degnan (*pro hac vice* forthcoming)

16

Joshua S. Keszczyk (*pro hac vice* forthcoming)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com
jkeszczyk@ktmc.com

*Counsel for Proposed Lead Plaintiff Peace
Officers' Annuity and Benefit Fund of
Georgia, and Proposed Lead Counsel for
the Class*

17