# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PLUG POWER INC., et al., <br><br> Defendants. | Civil Action No. 1:23-cv-00409-MN <br><br> <u>CLASS ACTION</u> |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PLUG POWER INC., et al., <br><br> Defendants. | Civil Action No. 1:23-cv-00576-MN <br><br> <u>CLASS ACTION</u> |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL</u>

FRIEDLANDER & GORRIS, P.A.
JEFFREY M. GORRIS (Bar No. 5012)
DAVID HAHN (Bar No. 6417)
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
Telephone: 302/573-3500
302/573-3501 (fax)
jgorris@friedlandergorris.com
dhahn@friedlandergorris.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

Dated: June 12, 2023

{FG-W0505088.}

## I.    PRELIMINARY STATEMENT

Two related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers or acquirers of Plug Power Inc. ("Plug Power" or the "Company") common stock between August 9, 2022 and March 1, 2023, inclusive (the "Class Period").[1]  The complaints involve overlapping allegations of wrongdoing under the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Guy T. Brown and Wesley C. Brown (the "Brown Family") should be appointed lead plaintiff because they filed a timely motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Brown Family's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

---

[1]     The Related Actions are *Melton v. Plug Power Inc.*, No. 1:23-cv-00409-MN and *Buttar v. Plug Power Inc.*, No. 1:23-cv-00576-MN.

{FG-W0505088.}

## II.   FACTUAL BACKGROUND[2]

Plug Power is a hydrogen fuel cell company that develops power systems for use in electric vehicles, stationary power units, and other purposes.  The Company is incorporated in Delaware and headquartered in New York.  Plug Power common stock trades on the NASDAQ under the ticker symbol PLUG.

The complaints allege that defendants concealed the Company's inability to effectively manage its supply chain and product manufacturing, resulting in reduced revenues and margins, increased inventory levels, and several large deals being delayed until at least 2023, among other issues.

On October 14, 2022, Plug Power announced that its "prior full year 2022 revenue guidance of $900-925M could be 5%-10% lower for the year" and attributed this revised guidance to "some larger projects potentially being completed in 2023 instead of 2022 due to timing and broader supply chain issues."  ECF 1 at ¶31.  On this news, the price of the Company's common stock declined more than 6%.

Then, on November 8, 2022, Plug Power revealed that its gross margins had decreased 3% sequentially, and 2% on a year-over-year basis, and that its inventory levels had further increased to $516 million.  On this news, the price of the Company's common stock declined further.

Thereafter, on January 25, 2023, Plug Power reported that it now expected 2022 revenue growth of just 45% to 50% year-over-year – far below its original projections of approximately 80% growth year-over-year. The Company explained that "new products came out a little slower than we hoped," as its "[m]anufacturing had a few more issues than we hoped" and "added . . . complexity to

---

2        This section is based on the allegations in the complaints.

{FG-W0505088.}

supply chain." ECF 1 at ¶40. On this news, the price of the Company's common stock declined nearly 6%.

Finally, on March 1, 2023, Plug Power announced disappointing financial results for the fourth quarter and full year 2022, including annual revenue of $701.4 million – representing only 40% year-over-year growth and missing reduced guidance estimates. On this news, the price of Plug Power common stock declined more than 6%, further damaging investors.

## III.   LEGAL ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. The Related Actions present nearly identical factual and legal issues implicating the same issuer (Plug Power), and have identical defendants and class periods. Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

**B.      The Brown Family Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  The plaintiff in the first-filed *Melton* action caused a notice regarding the pendency of the action to be published on *Globe Newswire*, a national, business-oriented newswire service, on April 12, 2023.  *See* Declaration of Jeffrey M. Gorris in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("Gorris Decl."), Ex. A.

Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)     has either filed the complaint or made a motion in response to a notice . . . ;

(bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Brown Family meets these requirements and should therefore be appointed Lead Plaintiff.

### a.   The Brown Family's Motion Is Timely

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on June 12, 2023, the same day this motion is being filed.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  In addition, the Brown Family has duly signed Certifications stating that they are willing to serve as the representative parties on behalf of the class.  *See* Gorris Decl., Ex. B.  Accordingly, because the Brown Family has complied with the PSLRA's procedural requirements, the Brown Family is entitled to have their application for appointment as lead plaintiff considered and approved by the Court.

### b.   The Brown Family Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Brown Family purchased 44,861 shares of Plug Power stock and suffered approximately $468,728 in losses as a result of defendants' alleged misconduct pursuant to the Exchange Act.  *See* Gorris Decl., Exs. B, C.  To the best of the Brown Family's counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period.  Therefore, the Brown Family satisfies the PSLRA's prerequisite of having the largest financial interest.

### c.   The Brown Family Otherwise Satisfies Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are

{FG-W0505088.}

typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). At the lead plaintiff stage, the inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id.* at 265 (alteration in original) (citation omitted). And, in "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* (alteration in original) (citation omitted). The Brown Family satisfies these requirements.

Here, the Brown Family, like other class members: (1) purchased Plug Power common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, the Brown Family's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. The Brown Family's significant financial interest ensures that they will vigorously represent the class. Moreover, the Brown Family has amply demonstrated their adequacy by signing sworn Certifications and a Joint Declaration evidencing their ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Gorris Decl., Exs. B, D. As father and son, the Brown Family will work cohesively to obtain the best results on behalf of the class. *Id.* And, as set forth in more detail below, the Brown Family has

- 6 -

retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

Because the Brown Family has filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

### C.    The Court Should Approve the Brown Family's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, the Brown Family has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3]

District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF 67 (D.N.J. May 31, 2016) (appointing Robbins Geller as lead counsel in securities case); *Dang v. Amarin Corp. PLC*, 2022 WL 15524944, at *12 (D.N.J. Oct. 27, 2022) (appointing Robbins Geller as lead counsel and noting that "Robbins Geller has the qualifications and experience to serve as lead counsel").

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

Notably, the Brown Family selected in this case a law firm which had obtained a historic $1.21 billion settlement in this Circuit in *Valeant*, No. 3:15-cv-07658-MAS-LHG, the largest securities class action settlement ever against a pharmaceutical manufacturer, and the ninth largest securities class action settlement ever. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

As such, because the Brown Family's selection of Robbins Geller is reasonable, their motion should be granted.

- 8 -

## IV.   CONCLUSION

For all the foregoing reasons, the Brown Family respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the Brown Family as Lead Plaintiff in the action; and (iii) approve their selection of Lead Counsel.

DATED:  June 12, 2023

Respectfully submitted,

FRIEDLANDER & GORRIS, P.A.
JEFFREY M. GORRIS
DAVID HAHN

*/s/ Jeffrey M. Gorris*
JEFFREY M. GORRIS
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
Telephone:  302/573-3500
302/573-3501 (fax)
jgorris@friedlandergorris.com
dhahn@friedlandergorris.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 9 -

{FG-W0505088.}