IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL, <br><br> Defendants. | C.A. No.  1:23-cv-00409-MN <br><br> Hon. Judge Maryellen Noreika <br><br> <u>CLASS ACTION</u> |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL, <br><br> Defendants. | C.A. No.  1:23-cv-00576-MN <br><br> Hon. Judge Maryellen Noreika |

**OPENING BRIEF IN SUPPORT OF MATTHEW HANCOCK AND
ROB LACY'S MOTION FOR CONSOLIDATION, APPOINTMENT
AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL**

**BIELLI & KLAUDER, LLC**
Ryan M. Ernst, Esq.
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

June 12, 2023

OF COUNSEL:

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

NATURE AND STAGE OF PROCEEDINGS ..................................................4

SUMMARY OF THE ARGUMENT .................................................................4

STATEMENT OF FACTS ................................................................................5

ARGUMENT ....................................................................................................8

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..........8

    II.    HANCOCK AND LACY SHOULD BE APPOINTED CO-LEAD PLAINTIFFS .................................................................................9

        A.    Hancock and Lacy Are Willing to Serve as Class Representatives .............................................................11

        B.    Hancock and Lacy Are the Most Adequate Plaintiffs under the PSLRA .........................................................11

            1.    Hancock and Lacy Have the "Largest Financial Interest" in the Related Actions ...................................12

            2.    Hancock and Lacy Otherwise Satisfy the Requirements of Rule 23 .................................................13

    III.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................18

CONCLUSION ...............................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968
(D.N.J. Apr. 25, 2018)....................................................................................16

*Clair v. DeLuca*,
232 F.R.D. 219 (W.D. Pa. 2005).....................................................................12

*Ellerman Lines, Ltd. v. All. & Gulf Stevedores, Inc.*,
339 F.2d 673 (3d Cir. 1964).............................................................................8

*Freeman v. Musk*,
324 F.R.D. 73 (D. Del. 2018)............................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)......................................................................*passim*

*In re Enzymotec Ltd. Sec. Litig.*,
No. 14-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015).................17

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005)........................................................................18

*Klein v. Altria Group, Inc. et al*,
No. 3:20-cv-00075 (E.D. Va.)..........................................................................19

*Lax v. First Merchants Acceptance Corp*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6,
1997). ..............................................................................................................12

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014) ............................................................15, 17

*Ret. Sys. v. Horizon Lines, Inc.*,
No. 08-969, 2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009)................13

*Roofers' Pension Fund v. Papa*,
No. 2:16-cv-02805 (D.N.J.) .............................................................................19

*Rubenstahl v. Philip Morris Int'l, Inc.*,
   No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309 (D.N.J.
   Feb. 13, 2019) ...............................................................................................12

*Soto v. Hensler*,
   235 F. Supp. 3d 607 (D. Del. 2017) ................................................................9

*Stires v. Eco Science Solutions, Inc.*,
   Nos. 17-3707, 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13,
   2018) ..............................................................................................................9

*Vandevelde v. China Natural Gas, Inc.*,
   277 F.R.D. 126 (D. Del. 2011)......................................................................13

*Wigginton v. Advance Auto Parts, Inc.*,
   No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661 (D. Del. Nov. 2,
   2018) ..............................................................................................................13

## Statutes

15 U.S.C. § 78u-4(a)(3).................................................................................*passim*

15. U.S.C. §78j(b) ..............................................................................................12

Private Securities Litigation Reform Act of 1995............................................*passim*

## Rules and Regulations

17 C.F.R. § 240.10b-5 ...........................................................................................2

Fed. R. Civ. P. 23 ........................................................................................*passim*

Fed. R. Civ. P. 42 ...............................................................................1, 2, 4, 8

Matthew Hancock[1] and Rob Lacy (together, "Hancock and Lacy") respectfully submit this Opening Brief in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed Rule of Civil Procedure 42: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Hancock and Lacy as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons or entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Plug Power Inc. ("Plug" or the "Company") common stock between August 9, 2022 and March 1, 2023, inclusive (the "Class Period"); and (3) approving proposed Co-Lead Plaintiffs Hancock and Lacy's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bielli & Klauder, LLC ("Bielli & Klauder") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants defrauded investors who purchased or otherwise acquired Plug securities during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§

---

[1] Matthew Hancock pursues these claims both on his own behalf and on behalf of his wife, Susan Hancock, from whom he has received a valid assignment of those claims. *See* Declaration of Ryan M. Ernst in Support of Motion ("Ernst Decl."), Exhibit ("Ex.") A.

1

78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting Plug's business and operations. *See* C.A. No. 1:23-cv-00409-MN ("*Melton*"), D.I. No. 1 ("*Melton* Complaint"), C.A. No. 1:23-cv-00576-MN ("*Buttar*"), D.I. No. 1 ("*Buttar* Complaint") (together, the "Complaints"). Plug investors, including Hancock and Lacy, incurred significant losses arising from a disclosure on March 1, 2023 concerning the Company's financial results for the fourth quarter and full year 2022, including full-year revenue growth of just 40% on a year-over-year basis—missing the guidance range the Company previously provided, which caused a significant decline in the value of Plug's securities. *See Melton* Complaint ¶¶ 1-7; *Buttar* Complaint ¶¶ 1-7.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by the same Defendants occurring during the same Class Period arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Under the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Hancock and

Lacy believe they should benefit from a rebuttable presumption arising from their having the largest financial interest. Hancock and Lacy incurred losses of approximately $374,621 in connection with their Class Period purchases of Plug securities. *See* Ernst Decl., Ex. B.

Beyond their significant financial interest, Hancock and Lacy also meet the Rule 23 requirements because their claims are typical of absent class members and because they will fairly and adequately represent the Class's interests.

To fulfill their co-lead plaintiff responsibilities and vigorously prosecute the Related Actions on behalf of the Class, Hancock and Lacy have selected Pomerantz as Lead Counsel. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of Petrobras investors, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of Yahoo! investors. Based in New York, Pomerantz has offices in Chicago, Los Angeles, Paris, France, and London, U.K.

Based on their being the "most adequate plaintiff[s]," their significant financial interest, their satisfaction of Rule 23 requirements, and their commitment to overseeing the Related Actions, Hancock and Lacy respectfully request that the Court enter an order consolidating the Related Actions, appointing them as Co-Lead

Plaintiffs, and approving Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

## NATURE AND STAGE OF PROCEEDINGS

The Complaints filed in the Related Actions assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of all persons who purchased Plug common stock during the Class Period. The Related Actions are in the preliminary stages of litigation and, pursuant to the PSLRA, require appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by the same Defendants occurring during the same Class Period arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

2.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Hancock and Lacy respectfully submit that they are the "most adequate plaintiff[s]" under the PSLRA and should be appointed as Co-Lead Plaintiffs because they: (1) timely filed a motion; (2) to the best of their knowledge, have the largest financial interest in the

4

relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class.  *See id.* § 78u-4(a)(3)(B)(iii)(I).

3.     The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).  Accordingly, Hancock and Lacy respectfully request that the Court approve their selection of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

### STATEMENT OF FACTS

Plug is a hydrogen fuel cell company that develops power systems for use in electric vehicles, stationary power units, and other purposes.  *Melton* Complaint ¶ 2; *Buttar* Complaint ¶ 2.  This case concerns the Company's financial results for the fourth quarter and full year 2022, which missed the guidance range the Company previously provided.  *See Melton* Complaint ¶ 7; *Buttar* Complaint ¶ 7.

The Class Period begins on August 9, 2022, when, in a letter to shareholders Defendants touted Plug's "Strong Business Outlook" and assured investors that the Company's "[g]rowth outlook remains robust with over $15 billion sales funnel." *Melton* Complaint ¶ 24; *Buttar* Complaint ¶ 24.

Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that the Company was unable to effectively manage its supply chain and product manufacturing, resulting in reduced revenues

and margins, increased inventory levels, and several large deals being delayed until at least 2023, among other issues. *Melton* Complaint ¶ 8; *Buttar* Complaint ¶ 8. As a result, Defendants' statements about the Company's business, operations, prospects, and ability to effectively manage its supply chain and production lacked a reasonable basis. *Id.*

On October 14, 2022, investors began to learn the truth about Plug's prospects when the Company warned that full-year revenue could be 5% to 10% lower than previously projected. *Melton* Complaint ¶ 4; *Buttar* Complaint ¶ 4. Defendants attributed the revenue revision to "some larger projects potentially being completed in 2023 instead of 2022 due to timing and broader supply chain issues." *Id.* On this news, the price of Plug common stock declined $1.20 per share, or more than 6%, from a close of $19.23 per share on October 13, 2022, to close at $18.03 per share on October 14, 2022. *Id.*

About three weeks later, on November 8, 2022, the Company reported its financial results for the third quarter of 2022, reporting a decrease in gross margins and a further increase in inventory levels. *Melton* Complaint ¶ 5; *Buttar* Complaint ¶ 5. On this news, the price of Plug common stock declined $0.20 per share, or more than 1%, from a close of $14.81 per share on November 8, 2022, to close at $14.61 per share on November 9, 2022. *Id.*

On January 25, 2023, despite Defendants' previous assurances that revenue growth would be at least 60% on a year-over-year basis, Plug revealed that it now expected to generate year-over-year revenue growth of just 45% to 50% in 2022. *Melton* Complaint ¶ 6; *Buttar* Complaint ¶ 6.   Defendants explained that this disappointing result "had to do with the fact that the new products came out a little slower than we hoped," as Plug's "[m]anufacturing had a few more issues than we hoped" and "added . . . complexity to supply chain." *Id.*  Following this revelation, the price of Plug common stock declined $0.97 per share, or approximately 6%, from a close of $16.34 per share on January 25, 2023, to close at $15.37 per share on January 26, 2023. *Id.*

Then, after the market closed on March 1, 2023, the Company announced its financial results for the fourth quarter and full year 2022, including full-year revenue growth of just 40% on a year-over-year basis—missing even the reduced guidance range provided just a few weeks prior.  *Melton* Complaint ¶ 7; *Buttar* Complaint ¶ 7.  On this news, the price of Plug common stock declined $0.88 per share, or more than 6%, from a close of $14.21 per share on March 1, 2023, to close at $13.33 per share on March 2, 2023.  *Id.*

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's common stock when the truth was

7

revealed, the Plaintiffs in the Related Actions and other members of the Class have suffered significant damages. *Melton* Complaint ¶ 9; *Buttar* Complaint ¶ 9.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Freeman v. Musk*, 324 F.R.D. 73, 78 (D. Del. 2018) ("The Court has broad authority to consolidate actions for trial involving common questions of law or fact if, in its discretion, it finds that such consolidation would 'facilitate the administration of justice.'" (quoting *Ellerman Lines, Ltd. v. All. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964))).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against Plug, as well as its Chief Executive

8

Officer, Chief Financial Officer, Executive Vice President of Global Manufacturing, and Controller and Chief Accounting Officer in connection with violations of the federal securities laws. *See Melton* Complaint ¶¶ 1, 15-19; *Buttar* Complaint ¶¶ 1, 15-19. Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Plug's securities and subsequently damaged the Class members when Plug's stock price plunged as the truth emerged. *See Melton* Complaint ¶ 7; *Buttar* Complaint ¶ 7. Consolidation of the Related Actions is therefore appropriate. *See Soto v. Hensler*, 235 F. Supp. 3d 607, 613 (D. Del. 2017) (ordering consolidation of related securities class actions, finding "no dispute that both cases involve common questions of law and fact"); *Stires v. Eco Science Solutions, Inc.*, Nos. 17-3707 (RMB/KMW), 2018 U.S. Dist. LEXIS 25088, at *7-*8 (D.N.J. Feb. 13, 2018) (same).

## II.  HANCOCK AND LACY SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). In this case, the notice of the *Melton* Action was published on April 12, 2023. *See* Ernst Decl., Ex. C. The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court

9

decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii). Hancock and Lacy's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Hancock and Lacy are the "most adequate plaintiff[s]" within the PSLRA's meaning and should therefore be appointed as Co-Lead Plaintiffs.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff[s]" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Hancock and Lacy readily satisfy all three of these criteria and thus believe they are entitled to the rebuttable presumption that they are the most adequate plaintiffs under the PSLRA.

For all these reasons, as detailed below, Hancock and Lacy respectfully urge the Court to appoint them to serve as Co-Lead Plaintiffs overseeing the Related Actions.

10

### A.    Hancock and Lacy Are Willing to Serve as Class Representatives

On April 12, 2023, counsel for plaintiff in the *Melton* Action caused a notice to be published over *Globe Newswire* pursuant to PSLRA Section 21D(a)(3)(A)(i) ("Notice"), announcing that litigation had been filed against Defendants and advising investors in Plug securities that they had until June 12, 2023—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff.  *See* Ernst Decl., Ex. C. Hancock and Lacy filed the instant motion pursuant to the Notice and attached Certifications signed by them attesting that they are willing to serve as Class representatives and to provide testimony at deposition and trial if necessary.  *See id.*, Ex. D.  Accordingly, Hancock and Lacy satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

### B.    Hancock and Lacy Are the Most Adequate Plaintiffs under the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Hancock and Lacy are the

11

"most adequate plaintiff[s]" within the PSLRA's meaning and should thus be appointed Co-Lead Plaintiffs.

### 1. Hancock and Lacy Have the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Hancock and Lacy have the largest financial interest of any Plug investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act § 10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been expressly adopted by courts in the Third Circuit, and implicitly by courts in this Judicial District. *See, e.g.*, *Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005) (expressly adopting *Lax* factors in assessing financial interest); *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (same) (citing

12

*In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Wigginton v. Advance Auto Parts, Inc.*, No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661, at *8 (D. Del. Nov. 2, 2018) (in determining financial interest, "the Court 'should consider, among other things [. . .] the approximate losses suffered by the plaintiffs'" (quoting *Cendant*, 264 F.3d at 262)).

During the Class Period, Hancock and Lacy collectively: (1) purchased 89,457 shares of Plug stock; (2) expended $1,629,454 on their purchases of Plug stock; (3) retained 24,855 of their Plug shares; and (4) incurred losses of approximately $374,621 in connection with their transactions in Plug stock. *See* Ernst Decl., Ex. B. Hancock and Lacy thus believe they have the largest financial interest among any potential lead plaintiff movants in the Related Actions, thereby entitling them to a rebuttable presumption that they are the "most adequate plaintiff[s]" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that they also satisfy the Fed. R. Civ. P. 23 requirements.

### 2. Hancock and Lacy Otherwise Satisfy the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that he is the "most adequate plaintiff," he must also demonstrate that he "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011); *City of Roseville Emps.' Ret. Sys. v.*

13

*Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at \*4-\*5 (D. Del. June 18, 2009) ("Our inquiry here 'need not be extensive,' and 'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'" (quoting *Cendant*, 264 F.3d. at 263-65)).  Hancock and Lacy readily pass muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case.  *See* Fed. R. Civ. P. 23(b)(3).  Here, the Complaint pleads Rule 23(a)(1) numerosity (*Melton* Complaint ¶ 45; *Buttar* Complaint ¶ 45), Rule 23(a)(2) common questions (*Melton* Complaint ¶ 46; *Buttar* Complaint ¶ 46), Rule 23(b)(3) predominance (*Melton* Complaint ¶ 46; *Buttar* Complaint ¶ 46), and superiority (*Melton* Complaint ¶ 49; *Buttar* Complaint ¶ 49) in a manner common to all lead plaintiff candidates.  The sufficiency of these allegations is not upset by any facts uniquely concerning Hancock and Lacy.

14

Hancock and Lacy satisfy the threshold for Rule 23(a)(3) typicality. "For typicality, the court will consider whether the factual claims or legal theories advanced by the movant[] 'are markedly different' from the claims of the class." *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014) (quoting *Cendant*, 264 F.3d at 264). Hancock and Lacy's claims easily meet this standard. Like all Class members, Hancock and Lacy allege that: (1) Defendants violated the Exchange Act by knowingly or recklessly making false or misleading statements of material facts and/or omitting to disclose material facts concerning Plug; (2) Hancock and Lacy and the Class members purchased Plug securities during the Class Period at prices inflated by Defendants' misrepresentations or omissions; and (3) Hancock and Lacy and the Class members were damaged upon the revelation of Defendants' fraud through a corrective disclosure that drove Plug's stock price downward. These shared claims, based on the same legal theories arising from the same underlying facts and course of conduct, demonstrate Hancock and Lacy's typicality under Rule 23(a)(3).

Hancock and Lacy also satisfy the Rule 23(a)(4) adequacy requirement. "For adequacy, the court will consider whether movants have 'the ability and incentive' to represent the class 'vigorously,' whether there are any conflicts between the movants and the class, and whether the movants have 'obtained adequate counsel,' including whether selected counsel is competent." *OFI Risk Arbitrages*, 63 F. Supp.

15

3d at 401 (quoting *Cendant*, 264 F.3d at 265).  Hancock and Lacy have submitted signed Certifications declaring their commitment to protect the Class's interests.  *See* Ernst Decl., Ex. D.  Further demonstrating their adequacy, Hancock and Lacy have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their experience working with counsel, their understanding of the responsibilities of Co-Lead Plaintiffs pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that they are prepared to take to prosecute this litigation on behalf of the Class.  *See* Ernst Decl., Ex. E. Courts routinely appoint more than one investor as Lead Plaintiffs under such circumstances.  *See, e.g.*, *Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968, at *28-*34 (D.N.J. Apr. 25, 2018) (finding adequacy of group of three investors for lead plaintiff appointment under the PSLRA supported by, *inter alia*, their limited size and their submission of a joint declaration, and collecting cases in the Third Circuit and throughout the country that found similar declarations supporting joint lead plaintiff appointment).   In addition, Hancock and Lacy attended a conference call with an attorney from Pomerantz.

Additionally, Hancock and Lacy constitute an appropriate Lead Plaintiff duo. The appointment of more than one class member seeking joint appointment as Lead Plaintiffs is expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Third Circuit, and district courts within the Third Circuit, including this Judicial

16

District, which have repeatedly recognized the propriety of appointing multiple movants as Lead Plaintiff that are capable of "fairly and adequately protect[ing] the interests of the class." *Cendant*, 264 F.3d at 266 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *1-*4, *12 (D.N.J. Mar. 3, 2015) (appointing as Lead Plaintiff a group of three investors); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 411 (D. Del. 2014) (appointing as Lead Plaintiff a group of investors consisting of two investors through their asset manager and a third investor).

Hancock and Lacy's significant losses from their Class Period trades in Plug securities demonstrate a sufficient interest in the litigation's outcome that aligns with the interests of Class members. Hancock and Lacy have no conflicts of interest or antagonism with the Class he seeks to represent. Finally, in Pomerantz and Bielli & Klauder, Hancock and Lacy have retained qualified and experienced counsel.

Indeed, Hancock and Lacy have already demonstrated their ability to pursue securities fraud claims through their choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § III., *infra*. Hancock and Lacy's and Pomerantz's willingness and

17

ability to zealously litigate the claims in the Related Actions on behalf of the Class cannot reasonably be questioned.

## III.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Hancock and Lacy have selected Pomerantz to serve as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Ernst Decl., Ex. F.  Pomerantz is based in New York, with offices in Chicago, Los Angeles, Paris, France, and London, U.K.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  Petrobras is part of a long line

of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.* In the Third Circuit, Pomerantz currently serves as co-lead counsel in the action *Roofers' Pension Fund v. Papa*, No. 2:16-cv-02805 (D.N.J.), a securities class action on behalf of investors in the securities of Perrigo Company plc.

Finally, Bielli & Klauder is well qualified to represent the class as Liaison Counsel as the firm has substantial experience litigating complex securities class actions. *See* Ernst Decl., Ex. G.

As a result of their extensive experience in litigation involving issues similar to those raised in the Related Actions, Hancock and Lacy's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute these actions effectively and expeditiously. Thus, the Court may be assured that by approving Hancock and Lacy's chosen counsel, with Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel, the Class members will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Hancock and Lacy respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Hancock

19

and Lacy as Co-Lead Plaintiffs for the Class; and (3) approving their selections of

Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

Dated:  June 12, 2023                           Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

*Counsel for Co-Lead Plaintiff Movants*
*Matthew Hancock and Rob Lacy and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants*
*Matthew Hancock and Rob Lacy and*
*Proposed Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600

20

Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Co-Lead Plaintiff
Movants Matthew Hancock and Rob Lacy*

## CERTIFICATION PURSUANT TO PREFERENCES & PROCEDURES
## FOR CIVIL CASES

This filing contains 4,453 words and complies with the type, font, and word

limitations set forth in this Court's Preferences and Procedures for Civil Cases.


Respectfully submitted,

**BIELLI & KLAUDER, LLC**

*/s/Ryan M. Ernst*
Ryan M. Ernst, Esq. (No. 4788)
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

June 12, 2023

22