**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL,<br><br>Defendants. | Case No. 1:23-cv-00409-MN |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, PAUL B. MIDDLETON, DAVID MINDNICH, and MARTIN D. HULL,<br><br>Defendants. | Case No. 1:23-cv-00576-MN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICHARD F. GORDON FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

**PRELIMINARY STATEMENT**

Richard F. Gordon ("Gordon") respectfully moves this Court for consolidation of the above captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of his selection of counsel on behalf of a putative class of purchasers of Plug Power Inc. securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff, and provides a presumption that the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Gordon believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Gordon satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Gordon respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Gordon's selection of Glancy Prongay & Murray LLP as Lead Counsel and Phillips, McLaughlin & Hall, P.A. as Liaison Counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

1

## I.    FACTUAL BACKGROUND[1]

This is a class action on behalf of all persons and entities who purchased or otherwise acquired Plug Power Inc. ("Plug" or the "Company") common stock between August 9, 2022, and March 1, 2023, inclusive (the "Class Period")

Plug is a hydrogen fuel cell company that develops power systems for use in electric vehicles, stationary power units, and other purposes.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose that: (1) Company was unable to effectively manage its supply chain and product manufacturing, resulting in reduced revenues and margins, increased inventory levels, and several large deals being delayed until at least 2023, among other issues; and (2) statements about the Company's business, operations, prospects, and ability to effectively manage its supply chain and production lacked a reasonable basis.

On October 14, 2022, investors began to learn the truth about Plug's prospects when the Company warned that full-year revenue could be 5% to 10% lower than previously projected. Defendants attributed the revenue revision to "some larger projects potentially being completed in 2023 instead of 2022 due to timing and broader supply chain issues." On this news, the price of Plug common stock declined $1.20 per share, or more than 6%, from a close of $19.23 per share on October 13, 2022, to close at $18.03 per share on October 14, 2022.

On November 8, 2022, the Company reported its financial results for the third quarter of 2022, reporting a decrease in gross margins and a further increase in inventory levels. On this

---

[1] This section is adapted from the allegations complaint filed in this action. Dkt. No. 1.

news, the price of Plug common stock declined $0.20 per share, or more than 1%, from a close of $14.81 per share on November 8, 2022, to close at $14.61 per share on November 9, 2022.

On January 25, 2023, despite Defendants' previous assurances that revenue growth would be at least 60% on a year-over-year basis, Plug revealed that it now expected to generate year-over-year revenue growth of just 45% to 50% in 2022. Defendants explained that this disappointing result "had to do with the fact that the new products came out a little slower than we hoped," as Plug's "[m]anufacturing had a few more issues than we hoped" and "added . . . complexity to supply chain." Following this revelation, the price of Plug common stock declined $0.97 per share, or approximately 6%, from a close of $16.34 per share on January 25, 2023, to close at $15.37 per share on January 26, 2023.

Then, after the market closed on March 1, 2023, the Company announced its financial results for the fourth quarter and full year 2022, including full-year revenue growth of just 40% on a year-over-year basis—missing even the reduced guidance range provided just a few weeks prior. On this news, the price of Plug common stock declined $0.88 per share, or more than 6%, from a close of $14.21 per share on March 1, 2023, to close at $13.33 per share on March 2, 2023.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Gordon and other class members have suffered significant losses and damages.

## II.    PROCEDURAL BACKGROUND

On April 12, 2023, Plaintiff Larry E. Melton commenced a class action lawsuit in this District against Plug and certain of its officers, captioned *Melton v. Plug Power Inc., et al.*, Case No. 1:23-cv-00409-MN (the "*Melton* Action").

On May 25, 2023, Plaintiff Shafquat Buttar commenced a second substantially identical action against Plug in this District captioned *Buttar v. Plug Power Inc., et al.*, Case No. 1:23-cv-00576-MN (the "*Buttar* Action," and together with the *Melton* Action, the "Related Actions").

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Dutton v. Harris Stratex Networks, Inc.*, No. 08-cv-755, 2009 WL 1598408, at *1 (D. Del. June 5, 2009) (consolidating actions where they "involve the same Defendants" and "involve[] nearly identical allegations regarding materially false and misleading statements").

#### B.   Gordon Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Gordon satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Gordon has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Gordon is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Gordon respectfully submits that he should be appointed lead plaintiff.

### 1.    Gordon Filed a Timely Motion

On April 12, 2023, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with this action. *See* Declaration of John C. Phillips, Jr. ("Phillips Decl."), Exhibit ("Ex.") A. Therefore, Gordon had sixty days (*i.e.*, until June 12, 2023) to file a motion to be appointed as Lead Plaintiff. As a purchaser of Plug shares during the Class Period, Gordon is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff

5

within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Gordon attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Phillips Decl., Ex. B. Accordingly, Gordon satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.      Gordon Has the Largest Financial Interest

The PSLRA requires a court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Gordon believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Gordon purchased Plug shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $42,358.27. *See* Phillips Decl., Ex. C. To the best of his knowledge, Gordon is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Gordon believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3.      Gordon Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

6

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the relevant inquiry is whether the movant has made a *prima facie* showing of typicality and adequacy. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018).

### a)    Gordon's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. at *7; *see also Wigginton*, 2018 WL 5729733, at *4.

Gordon's claims are typical of the claims asserted by the proposed class. Like all members of the class, Gordon alleges that Defendants' material misstatements and omissions concerning Plug's business, operations, and financial prospects violated the federal securities laws. Gordon, like all members of the class, purchased Plug shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Gordon's interests and claims are "typical" of the interests and claims of the class.

### b)     Gordon Is an Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Wigginton*, 2018 WL 5729733, at *4; *see also In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at *6 (D.N.J. Apr. 17, 2002).

Gordon has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Phillips Decl., Ex. C. Gordon is also not aware of any conflict between his claims and those asserted on behalf of the class. Gordon resides in Milwaukee, Wisconsin and has been managing his own investments for approximately 30 years. Gordon is an executive for an insurance company and has an MBA from the University of Wisconsin-Whitewater. As such, Gordon should be appointed as lead plaintiff.

### C.     The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Wigginton*, 2018 WL 5729733, at *6 (quoting *Cendant*, 264 F.3d at 276). Here, Gordon has selected Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel. GPM has successfully prosecuted numerous securities class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Phillips Decl., Ex. D, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest

8

caliber of legal representation. Accordingly, the Court should approve Gordon's selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, Gordon respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions (2) appointing Richard F. Gordon as lead plaintiff; (3) approving Gordon's selection of Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: June 12, 2023

Respectfully submitted,

**PHILLIPS, MCLAUGHLIN & HALL, P.A.**

By:  */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email: JCP@PMHDELaw.com

*Liaison Counsel for Lead Plaintiff Movant Richard F. Gordon and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email:  rprongay@glancylaw.com
          clinehan@glancylaw.com
          prajesh@glancylaw.com

*Counsel for Lead Plaintiff Movant Richard F. Gordon and Proposed Lead Counsel for the Class*

9