# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PLUG POWER INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 1:23-cv-00409-MN <br><br> CLASS ACTION |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PLUG POWER INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 1:23-cv-00576-MN <br><br> CLASS ACTION |

## THE BROWN FAMILY'S BRIEF IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF COUNSEL

FRIEDLANDER & GORRIS, P.A.
JEFFREY M. GORRIS (Bar No. 5012)
DAVID HAHN (Bar No. 6417)
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
Telephone: 302/573-3500
302/573-3501 (fax)
jgorris@friedlandergorris.com
dhahn@friedlandergorris.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

*Proposed Lead Counsel for Proposed
Lead Plaintiff*

                                   Dated: June 26, 2023

{FG-W0505418.}

## I.      INTRODUCTION

Five movants filed motions seeking consolidation of the related actions, appointment as lead plaintiff, and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Guy T. Brown and Wesley C. Brown (collectively, the "Brown Family"); (2) Matthew Hancock and Rob Lacy; (3) Gloria Ann Evans; (4) Peace Officers' Annuity and Benefit Fund of Georgia; and (5) Richard F. Gordon.  *See* D.I. 3, 6, 10, 14. 15.  On June 26, 2023, Peace Officers' Annuity and Benefit Fund of Georgia filed a Notice of Non-Opposition to Competing Motions, Richard F. Gordon withdrew his motion, and Matthew Hancock and Rob Lacy filed a Notice of Non-Opposition to Competing Motions.  *See* D.I. 20, 21, 22.

Based on information provided in the original submissions by the lead plaintiff movants, the Brown Family is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-41(a)(3)(B)(iii)(I).  The Brown Family's loss of over $468,000 is more than 20% greater than the losses claimed by the remaining lead plaintiff movants, and the Brown Family otherwise meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure.  As such, the Brown Family is the presumptive lead plaintiff pursuant to the PSLRA.  Moreover, because none of the competing movants can rebut the statutory presumption in the Brown Family's favor, the competing motions should be denied.

## II.     ARGUMENT

### A.      The Brown Family Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Cosrp. Litig.*, 264 F.3d 201, 263-64 (3d Cir.

- 1 -

2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this Circuit, while courts can consider three factors (shares purchased, net funds expended, and approximate losses) to determine the largest financial interest, "[t]he Third Circuit has concluded that 'largest financial interest' means the largest loss." *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *Cendant*, 264 F.3d at 262); *see also Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017) ("Courts in this Circuit have afforded the [approximate losses] the most weight."); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151-52 (D. Del. 2005); *accord Lian v. Tuya Inc.*, 2022 WL 17850134, at *2 (S.D.N.Y. Dec. 22, 2022) (appointing movant with "nearly 15% higher loss suffered" even though opposing movant purchased more shares and had greater net expenditures).

There can be no legitimate dispute, then, that the Brown Family possesses the "largest financial interest" in this litigation – more than 20% greater than the Hancock and Lacy Group:

| MOVANT | CLAIMED LOSS |
|---|---|
| **Brown Family** | $468,728 |
| ~~Matthew Hancock and Rob Lacy~~ | ~~$374,621~~ |
| ~~Peace Officers' Annuity and Benefit Fund of Georgia~~ | ~~$176,676~~ |
| Gloria Ann Evans | $160,800 |
| ~~Richard F. Gordon~~ | ~~$42,358~~ |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Brown Family must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Here, there is no question that the Brown Family satisfies this requirement. *See* D.I. 11 at 5-7.

Because the Brown Family clearly has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Brown Family Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Brown Family, must be appointed unless it is *proven* that it will not satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job."  *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32.

The Brown Family has made the required *prima facie* showing of typicality and adequacy.  *See* D.I. 11 at 5-7.  In addition, no competing movant can present proof to rebut the presumption which lies in favor of the Brown Family.  The Brown Family has selected counsel that are highly experienced in securities litigation.  *See id*. at 6-8.  Consequently, the presumption of "most adequate plaintiff" cannot be rebutted.  The Brown Family's motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the competing motions should be denied.

## III.    CONCLUSION

The Brown Family possesses the largest financial interest in the relief sought by the class.  In addition, the Brown Family meets the requirements of adequacy and typicality, and the presumption which lies in its favor cannot be rebutted.  Therefore, the Brown Family respectfully requests that this Court enter an order: (1) appointing the Brown Family to serve as Lead Plaintiff in the action; (2) approving the Brown Family's selection of Lead Counsel; and (3) denying the competing motions for appointment as lead plaintiff.

{FG-W0505418.}

DATED:  June 26, 2023

Respectfully submitted,

FRIEDLANDER & GORRIS, P.A.
JEFFREY M. GORRIS
DAVID HAHN


*/s/ Jeffrey M. Gorris*
JEFFREY M. GORRIS

1201 N. Market Street, Suite 2200
Wilmington, DE  19801
Telephone:  302/573-3500
302/573-3501 (fax)
jgorris@friedlandergorris.com
dhahn@rgrdlaw.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 4 -