IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY E. MELTON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 23-409 (MN) |
| PLUG POWER INC., et al., | ) ) ) | |
| Defendants. | ) | |
| SHAFQUAT BUTTAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 23-576 (MN) |
| PLUG POWER INC., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 29th day of June 2023;

On April 12, 2023, Larry E. Melton, on behalf of himself and others similarly situated who purchased or otherwise acquired Plug Power Inc. common stock between August 9, 2022, and March 1, 2023, inclusive, filed a Class Action Complaint for Violations of the Federal Securities Laws against Plug Power Inc., Andrew Marsh, Paul B. Middleton, David Mindnich, and Martin D. Hull. (D.I. 1 in C.A. No. 23-409).

In addition, on May 25, 2023, Shafquat Buttar, on behalf of himself and other similarly situated who purchased or otherwise acquired Plug Power Inc. common stock between August 9, 2022 and March 1, 2023, inclusive, filed a Class Action Complaint for Violations of the

Federal Securities Law against Plug Power Inc., Andrew Marsh, Paul B. Middleton, David Mindnich, and Martin D. Hull (D.I. 1 in C.A. No. 23-576).[1]

On June 12, 2023, Gloria Ann Evans, Peace Officers' Annuity and Benefit Fund of Georgia, Guy T. Brown and Wesley C. Brown (collectively, "the Brown Family"), Matthew Hancock and Rob Lacy, and Richard F. Gordon all timely filed motions to consolidate these actions and sought to be named as lead plaintiff and for approval of selection counsel. (D.I. 3, 6, 10, 14, 15). On June 26, 2023, the Peace Officers Annuity and Benefit Fund of Georgia, Matthew Hancock and Rob Lacy, and Gloria Ann Evans each filed a notice of non-opposition stating that, after reviewing the competing motions, none of them appeared to have the largest financial interest in this litigation. (D.I. 20, 22, 24). And, on June 26, 2023, Richard F. Gordon withdrew his motion after reviewing the competing motions, also determining that he did not appear to have the largest financial interest in the litigation. (D.I. 21). Therefore, the only motion presently before the Court is the Brown Family's motion. (D.I. 10).

## I.    LEGAL STANDARD

The present case asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PLSRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated under it (17 C.F.R. § 240.10b-5). The PSLRA provides that, in any private action arising under the Exchange Act brought as a class action, the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the member or members determined to be the "most capable of adequately representing the interests of class members" – *i.e.*, the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must follow a two-step process for determining the

---

[1]    From this point forward, all case citations will be to docket items in C.A. No. 23-409.

most adequate plaintiff for the class action. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 399 (D. Del. 2014). First, the Court must identify the person or group of persons entitled to the statutory presumption of most adequate plaintiff. *Id.* Second, the Court must determine whether that presumption has been rebutted. *Id.*

The PSLRA provides that the presumptive lead plaintiff is the person or group that: (1) either filed the complaint or made a timely motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought in the class action, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once the Court identifies the movant with the largest financial interest, it must independently determine whether the movant satisfies the typicality and adequacy requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("otherwise satisfies" language refers to the typicality requirements of Rule 23(a)(3) and adequacy requirements of Rule 23(a)(4)). If the Court finds that the movant satisfies these requirements, that person or group is presumptively the most adequate plaintiff to represent the class. This presumption may be rebutted "only upon proof" by a purported class member that the plaintiff "will not fairly and adequately protect the interests of the class" or that the plaintiff is "subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) & (bb).

Once the Court has determined the most adequate plaintiff to represent the purported class, the lead plaintiff then, subject to the Court's approval, selects and retains counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The selection of a lead plaintiff and the approval of lead plaintiff's choice of counsel are both committed to the discretion of the Court. *See Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 131 (D. Del. 2011).

## II.   DISCUSSION

### A.   Appointment as Lead Plaintiff

It is uncontested that the Brown Family timely filed its motion for appointment as lead plaintiff and that it has the largest financial interest in the relief sought in the class action.[2]   Thus, the Court must next determine whether the Brown Family satisfies the typicality and adequacy requirements of Rule 23 such that they are entitled to the presumption of most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   At this stage, the Court's inquiry "need not be extensive" and should only consider whether the movant has stated a *prima facie* case of typicality and adequacy under Rule 23.   *In re Cendant*, 264 F.3d at 264; *see also id.* at 264–65 ("When making these determinations, courts should apply traditional Rule 23 principles.").   After reviewing the papers, and the fact that no other movant contested the Brown Family's ability to serve as lead plaintiffs, the Court concludes that the Brown Family has stated a *prima facie* case of typicality and adequacy under Rule 23.   Therefore, the Brown Family will be appointed lead plaintiffs in this action.

### B.   Approval of Lead and Liaison Counsel

Once appointed, a lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).   "[The PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."   *In re Cendant*, 264 F.3d at 276.   Here, the Court's role is

---

[2]   "Georgia Peace Officers has reviewed the other competing motions pending before the Court and has determined that Georgia Peace Officers does not have the largest financial interest in this matter." (D.I. 20 at 2).   "[I]t appears that Hancock and Lacy do not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." (D.I. 22 at 2).   "Based upon a review of the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that, while [Gloria Ann Evans] is well-qualified to serve as Lead Plaintiff in the Actions, she does not possess the 'largest financial interest in the relief sought by the class.'" (D.I. 24 at 2).

generally limited to reviewing and approving (or disapproving) of the lead plaintiff's choice of counsel. *Id.* at 273. The fundamental inquiry is "whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *Id.* at 276. Relevant factors to consider include: (1) the lead plaintiff's legal experience and sophistication; (2) how the lead plaintiff chose potential law firms to consider; (3) how the lead plaintiff selected its proposed counsel; (4) the qualifications and experience of lead plaintiff's proposed counsel; and (5) evidence relating to whether the retainer agreement arose out of serious negotiations between the lead plaintiff and its proposed counsel. *Id.*

The Brown Family request that the Court approve its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the proposed class in the present action. (D.I. 10, 11 & 12). Robbins Geller has substantial experience in securities fraud litigation, as well other types of complex litigation, and it has served as lead (or co-lead) counsel in many of those cases over the last decade. (D.I. 11 at 7-8; *see also* https://www.rgrdlaw.com (last visited 6/28/2023)). Robbins Geller has obtained a significant number of sizeable settlements in these cases over the years. (*Id.*). The Court finds no basis here to disturb the PSLRA's "strong presumption" in favor of a lead plaintiff's selection and retention of counsel. Therefore, the Court will approve of the Brown Family's selection of Robbins Geller as Lead Counsel.

III.     **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.     These actions are CONSOLIDATED for all purposes. All filings shall be made in Lead Case C.A. No. 23-409 (MN). All securities class actions on behalf of purchasers of Plug Power Inc. securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The caption of the consolidated action shall be:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE PLUG POWER INC SECURITIES LITIGATION | ) ) ) ) | C.A. No. 23-409 (MN) CONSOLIDATED |

2.      The Motion of Gloria Ann Evans for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (D.I. 3) is DENIED as moot.[3]

3.      The Motion of Peace Officers' Annuity and Benefit Fund of Georgia for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (D.I. 6) is DENIED as moot.

4.      The Motion of Matthew Hancock and Rob Lacy for Consolidation of Related Actions, Appointment as Co-Lead Plaintiffs, and Approval of Lead Counsel (D.I. 14) is DENIED as moot.

5.      The Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel (D.I. 10) filed by Guy T. Brown and Wesley C. Brown is GRANTED.  The Brown Family is appointed to serve as Lead Plaintiff for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  Robbins Geller Rudman & Dowd LLP is appointed as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:

(a)      preparing and filing all pleadings;

(b)      briefing and arguing any and all motions;

(c)      conducting any and all discovery proceedings including depositions;

---

[3]      The corresponding motions filed in C.A. No. 23-576 (MN) shall have the same disposition as set forth in paragraphs 2-5 herein.

(d)     settlement negotiations;

(e)     pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f)     the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

_Maryellen Noreika_

The Honorable Maryellen Noreika
United States District Judge

7