**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:23-cv-0409 (MN) |

**REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH
DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**

In connection with their motion to dismiss the complaint in this action and to strike certain witness allegations, defendants Plug Power Inc., Andrew Marsh, Paul B. Middleton, David Mindnich, and Sanjay Shrestha, by their undersigned counsel, respectfully request that the Court (1) recognize that certain filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, and conference call transcripts that are discussed in the complaint have been incorporated by reference therein for purposes of the motion to dismiss, and (2) take judicial notice of these and certain other documents as to which established authority permits such an action in connection with a motion to dismiss.

**APPLICABLE STANDARDS**

1.      The defendants have moved to dismiss the complaint for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and to strike certain witness allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The complaint asserts claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

2.      In considering a motion to dismiss claims for alleged securities violations, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Inst. Investors Group v. Avaya*, 564 F.3d 242, 246 n.3 (3d Cir. 2009). Public statements challenged as false or misleading under the securities laws must be evaluated "fairly and in context" rather than "in a vacuum." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).

3.    "[B]inding Third Circuit precedent clearly states an exception to the general preclusion against consideration of matters extraneous to the pleadings for indisputably authentic documents and/or 'documents integral to or explicitly relied upon in the complaint.'" *Selective Way Ins. Co. v. Glasstech, Inc.*, 2014 WL 6629629, at *3 (D.N.J. Nov. 21, 2014) (quoting *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004)); *see Cohen v. Telsey*, 2009 WL 3747059, at *5 (D.N.J. Nov. 2, 2009) (citing *Tellabs*, 551 U.S. at 320). "[T]he rule specifically endeavors to avoid the result of a 'legally deficient claim' surviving a motion to dismiss solely as a result of the plaintiff's failure to attach a dispositive document on which the plaintiff bases its request for relief." *Selective Way*, 2014 WL 6629629, at *3 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

4.    A court "must take judicial notice" of noticeable facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). A fact is subject to judicial notice if it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I.    EXHIBITS 1-19 ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

5.    Under the Supreme Court's decision in *Tellabs*, courts consider documents such as Exhibits 1-19 that are referenced or quoted in a complaint when evaluating a defendant's motion to dismiss securities class actions and other private securities litigation. *Tellabs*, 551 U.S. at 322-23; *see Sapir v. Averbeck*, 2016 WL 554581, at *10 (D.N.J. Feb. 10, 2016) ("for purposes of

the comparative scienter inquiry, the Court takes into consideration 'all of the facts alleged, taken collectively' – including whether allegations are contradicted by other documents properly before the Court" (quoting *Tellabs*, 551 U.S. at 322)).  "[W]hen a portion [of a document] is explicitly relied upon in the complaint," "the court may consider [the] document in its entirety."  *In re Vicuron Pharm., Inc. Sec. Litig.*, 2005 WL 2989674, at *3 (E.D. Pa. July 1, 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *see City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 168-69 (3d Cir. 2014) (courts must do a "full reading" of incorporated documents to determine whether they are actionable) (citing *Burlington Coat Factory*, 114 F.3d at 1426); *Wilson v. Bernstock*, 195 F. Supp. 2d 619, 623 (D.N.J. 2002) (when a pleading contains "excerpts from certain press releases, public announcements, or publicly filed disclosure documents, a court may properly refer to the full text of those public statements").

6.      Even where a complaint does not quote or cite from a document, a court may still consider the document if it is integral to the complaint.  *Burlington Coat Factory*, 114 F.3d at 1426.  A document is integral to a complaint if the underlying claims are "based" on the document. *Id.*  As with documents explicitly relied upon in a complaint, a court may consider such documents in their entirety.  *Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011) (upholding district court's consideration of documents attached to a motion to dismiss because documents were referenced in the complaint and integral to plaintiff's claims).

7.      A court may judicially notice a document that is integral to the complaint even if that document was filed before the start of the putative class period.  *See In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *8 (D.N.J. Mar. 29, 2021) (holding that a Form 10-Q filed before the start of the class period was subject to judicial notice), *aff'd*, 2022 WL 2128560 (3d Cir. June 14, 2022); *see also In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25,

3

2006) (holding that SEC filings that were filed before the class period were subject to judicial notice); *Wozniak v. Align Tech., Inc.*, 2011 WL 2269418, at \*7 n.5 (N.D. Cal. June 8, 2011) (holding that a Form 10-Q filed before the class period was incorporated in class period statements and thus was subject to judicial notice); *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at \*3 (C.D. Cal. May 8, 2013) (holding that annual reports filed before and after the class period were subject to judicial notice).

8.     Exhibits 1 to 19 are integral to plaintiffs' claims.

9.     Attached as <u>Exhibit 1</u> is a true and correct excerpted copy of a Form 10-K for the year 2020 that Plug filed with the SEC on May 14, 2021, which is integral to the complaint because plaintiffs challenge statements in paragraphs 130-145 of the complaint which cite to and incorporate by reference risk factors set forth in the Form 10-K.  (Exhibit 1 has been excerpted to include pages 4-8 and 14-31).

10.     Attached as <u>Exhibit 2</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on January 19, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 130-142 of the complaint.

11.     Attached as <u>Exhibit 3</u> is a true and correct copy of a Form 8-K that Plug filed with the SEC on January 19, 2022, which is quoted from and is incorporated by reference at paragraphs 143-144 of the complaint.

12.     Attached as <u>Exhibit 4</u> is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug filed with the SEC on March 1, 2022 (reporting Q4 2021 and fiscal year 2021 results), which is quoted from and is incorporated by reference at paragraphs 146-148, 153-157, and 160 of the complaint.

13.     Attached as <u>Exhibit 5</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on March 1, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 149-155 and 158-160 of the complaint.

14.     Attached as <u>Exhibit 6</u> is a true and correct excerpted copy of a Form 10-K that Plug filed with the SEC on March 1, 2022, which is quoted from and is incorporated by reference at paragraphs 163-168 of the complaint.  (Exhibit 6 has been excerpted to include pages 3-6, 15-34, and 43-45).

15.     Attached as <u>Exhibit 7 </u>is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug filed with the SEC on May 9, 2022 (reporting Q1 2022 results), which is quoted from and is incorporated by reference at paragraphs 169-171, 175-176, 179-180, and 182 of the complaint.

16.     Attached as <u>Exhibit 8</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on May 9, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 172-175 and 177-182 of the complaint.

17.     Attached as <u>Exhibit 9</u> is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug issued on August 9, 2022 (reporting Q2 2022 results), which is quoted from and is incorporated by reference at paragraphs 184-186, 188, 190, and 193 of the complaint.

18.     Attached as <u>Exhibit 10</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on August 9, 2022, in the form in which it was retrieved

5

from S&P Global, which is quoted from and is incorporated by reference at paragraphs 187-188 and 191-195 of the complaint.

19.    Attached as Exhibit 11 is a true and correct copy of a press release issued by Plug on October 14, 2022, entitled "Plug Provides 2022 Revenue Expectations Update Reflecting Potential Timing and Supply Chain Impact," in the form in which it was retrieved from Plug's website, which is quoted from and is incorporated by reference at paragraphs 198-201, 205, and 234 of the complaint.

20.    Attached as Exhibit 12 is a true and correct copy of a Form 8-K with a transcript of a symposium that Plug held at its Rochester, New York factory on October 19, 2022 attached thereto, which Plug filed with the SEC on the same day, and which is quoted from and is incorporated by reference at paragraphs 202-212 and 266 of the complaint.

21.    Attached as Exhibit 13 is a true and correct copy of a Form 10-Q that Plug filed with the SEC on November 8, 2022, which is cited and is incorporated by reference at paragraph 213 of the complaint.

22.    Attached as Exhibit 14 is a true and correct copy of a Form 8-K that Plug filed with the SEC on November 8, 2022, which is cited and is incorporated by reference at paragraph 213 of the complaint.

23.    Attached as Exhibit 15 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on November 8, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 213, 215, and 218-223 of the complaint.

24.    Attached as Exhibit 16 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on January 25, 2023, in the form in which it was retrieved

6

from S&P Global, which is quoted from and is incorporated by reference at paragraphs 227-229 of the complaint.

25.    Attached as <u>Exhibit 17</u> is a true and correct excerpted copy of a Form 10-K that Plug filed with the SEC on March 1, 2023, which is quoted from and is incorporated by reference at paragraphs 234 and 238 of the complaint.  (Exhibit 17 has been excerpted to include pages 3-6 and 16-36).

26.    Attached as <u>Exhibit 18</u> is a true and correct copy of a Form 8-K that Plug filed with the SEC on March 1, 2023, which is quoted from and is incorporated by reference at paragraphs 234-235 and 239-241 of the complaint.

27.    Attached as <u>Exhibit 19</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug on March 1, 2023, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 234, 236-237, and 239 of the complaint.

## II.    <u>EXHIBITS 1-22 ALSO ARE SUBJECT TO JUDICIAL NOTICE</u>

28.    In the context of securities actions, courts regularly take judicial notice of documents such as Exhibits 1-22 that are publicly filed with the SEC, press releases, or reflect transcripts of earnings conference calls made available publicly, pursuant to Rule 201 of the Federal Rules of Evidence.  *Smith v. Antares Pharma, Inc.*, 2019 WL 2785600, at *7 (D.N.J. July 2, 2019) (consistent with Rule 201, courts may consider, in reviewing motions to dismiss, "matters of public record, orders, [and] items appearing in the record of the case.") (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at *2 n.1 (D.N.J. Apr. 27, 2017) (courts evaluating claims under the securities laws may take judicial notice of "SEC filings, press releases, and transcripts") (citing *Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007)), *aff'd*, 905 F.3d 106 (3d Cir.

2018); *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 151 n.5 (3d Cir. 2019) (taking judicial notice of fact from SEC filing).

29.    Attached as Exhibit 20 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug with the SEC on January 30, 2020.  Exhibit 20 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug's revenue target.  *See* Exh. 20 at 14.

30.    Attached as Exhibit 21 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug with the SEC on January 26, 2021.  Exhibit 21 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug's revenue target.  *See* Exh. 21 at 8.

31.    Attached as Exhibit 22 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug with the SEC on February 25, 2021.  Exhibit 22 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug's revenue target.  *See* Exh. 22 at 1.

32.    Finally, in addition to being incorporated by reference in the complaint, Exhibits 1-19 independently are subject to judicial notice.  Exhibits 1, 3, 4, 6, 7, 9, 12-14, 17, and 18 are subject to judicial notice because they were publicly filed with the SEC and contain information and cautionary language relating to, establishing, reviewing, and revising Plug's various yearly performance targets.  Exhibits 2, 5, 8, 10, 15, 16, and 19 are subject to judicial notice because they are publicly available transcripts of earnings conference calls.  Exhibit 11 is subject to judicial notice because it is a publicly available Plug press release.

Dated: December 14, 2023                    Respectfully submitted:


**DLA PIPER LLP (US)**

Of Counsel:

John J. Clarke, Jr.*                        By:  */s/ Ronald N. Brown, III*
Richard Zelichov*                                Ronald N. Brown, III (D.E. Bar No. 4831)
Yan Grinblat*                                    1201 North Market Street, Suite 2100
                                                 Wilmington, Delaware 19801
* Admitted *pro hac vice*                        Tel.: (302) 468-5700
                                                 ronald.brown@dlapiper.com

                                            *Counsel for Defendant Plug Power Inc.*



**RICHARDS, LAYTON, & FINGER P.A**


                                            By:  */s/ Rudolf Koch*
                                                 Rudolf Koch (Bar No. 4947)
                                                 koch@rlf.com
                                                 Jason J. Rawnsley (Bar No. 5379)
                                                 rawnsley@rlf.com
                                                 920 North King Street
                                                 Wilmington, Delaware 19801
                                                 Tel.: (302) 651-7700

                                            *Counsel for Defendants*
                                            *Andrew Marsh, Paul B. Middleton,*
                                            *David Mindnich, and Sanjay Shrestha*


9