# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re PLUG POWER INC. SECURITIES LITIGATION | ) ) ) ) Case No. 23-409-JLH ) ) ) |

## MEMORANDUM ORDER

This is a securities fraud class action. Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The operative pleading is the Amended Class Action Complaint filed on September 28, 2023. (D.I. 45.) Pending before the Court is Defendants' Motion to Dismiss and Strike. (D.I. 56.) For the reasons summarized below, the motion is GRANTED-IN-PART and DENIED-IN-PART.

1. The Amended Class Action Complaint (D.I. 45 ("Complaint")) contains 286 paragraphs and spans 111 pages. The named Plaintiffs are purchasers of Plug Power Inc. common stock, and Defendants are Plug Power Inc. and its officers. (*Id.*, ¶¶ 19–26.) The Complaint alleges that

> [f]rom January through August 2022, Defendants made a series of materially false and misleading statements in which they set out Plug's aggressive revenue goals for 2022, explained how Plug planned to meet or exceed those goals, asserted that Plug would produce at least 70 tons per day of liquid hydrogen by the end of 2022, and touted Plug's electrolyzer and fuel cell manufacturing capabilities and improvements.

(*Id.*, ¶ 129.) The next 68 paragraphs—spanning 33 pages—purport to set forth a multitude of statements made by Defendants between January and August 2022 relating to Plug's revenue and production goals, which Plaintiffs now contend were materially false and misleading. According to Plaintiffs, those false and misleading statements caused the market price for Plug stock to be

artificially inflated between January and August 2022. Plug subsequently revised and failed to meet some of its goals, and its stock price dropped. This action ensued shortly thereafter. The Complaint contains two counts: violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 (Count I); and violations of Section 20(a) of the Exchange Act (Count II).

2. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

3. To state a claim under § 10(b) of the Exchange Act, a plaintiff must plausibly plead "(1) a material misrepresentation or omission, (2) scienter, (3) a connection between the misrepresentation or omission and the purchase or sale of a security, (4) reliance upon the misrepresentation or omission, (5) economic loss, and (6) loss causation." *In re Hertz Glob. Holdings Inc.*, 905 F.3d 106, 114 (3d Cir. 2018) (citation omitted). A plaintiff bringing a § 10(b) claim must also satisfy the heightened pleading standards imposed by the Private Securities

Litigation Reform Act ("PSLRA"). *Id.* The PSLRA requires the pleadings to identify "each statement alleged to be misleading" and to specify "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). The PSLRA also requires a pleading alleging a § 10(b) claim to "state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind," 15 U.S.C. § 78u-4(b)(2)(A), which the Third Circuit has described as "one 'embracing [an] intent to deceive, manipulate, or defraud,' either knowingly or recklessly," *Hertz*, 905 F.3d at 114 (citation omitted). "A complaint adequately pleads a strong inference of scienter 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)). Section 20(a) imposes joint and several liability upon one who controls a violator of § 10(b). 15 U.S.C. § 78t(a).

4. Defendants argue that the § 10(b) claim should be dismissed because it fails to comply with the PSLRA. I agree. The PSLRA requires far more specificity than the Complaint provides. It is not the Court's job to parse through 33 pages of alleged false statements and then hunt through the remainder of the 111-page Complaint to try to figure out what evidence might plausibly support falsity and scienter for each one of those hundreds of statements. The PSLRA puts that burden on Plaintiffs, not the Court. *See, e.g., In re Aqua Metals, Inc. Sec. Litig.*, No. 17-CV-07142-HSG, 2019 WL 3817849, at *8 (N.D. Cal. Aug. 14, 2019) (dismissing securities fraud complaint where "[p]laintiff asks the Court to match hundreds of individual statements with corresponding allegations of falsity presented in a web of inter-referenced paragraphs strewn throughout the complaint"). Italicizing broad swaths of text does not assist the Court in determining which precise statements are allegedly misleading and for what reasons. *Id.* Including a general allegation every few paragraphs that the preceding paragraphs contain false

statements doesn't assist either. And while the Complaint contains allegations gathered from 17 unnamed witnesses contacted by Plaintiffs' investigators pertaining to Plug's inability to meet its stated goals, those allegations are largely undated, which leaves the Court without any way to assess whether it is plausible that Defendants' statements were false or misleading when they were made or whether there is a strong inference of scienter. What's more, it appears that many (if not most) of the challenged statements are forward-looking statements—and thus protected by the PSLRA Safe Harbor, 15 U.S.C. § 78u-5(c)—but the Court has no practical ability to make those assessments until Plaintiffs precisely identify which statements are at issue.

5.  In sum, "[u]ntil plaintiffs specifically identify the statements on which they would like to proceed and the reasons why these statements are false or misleading, neither the defendants nor the court can address these allegations with the degree of particularity required by the PSLRA." *In re Wilmington Trust Sec. Litig.*, 852 F. Supp. 2d 477, 490 (D. Del. 2012). Accordingly, the § 10(b) claim will be dismissed without prejudice. Because the § 20(a) claim is predicated on an alleged § 10(b) violation, it will also be dismissed. Plaintiffs will be granted leave to replead within 21 days. Should Plaintiffs choose to file an amended pleading, it must clearly specify each allegedly false or misleading statement, identify whether such statement is alleged to be an affirmative misrepresentation or false or misleading by omission, and describe why that specific statement was materially false or misleading *when made*. For any statements that are alleged to be false or misleading by omission, Plaintiffs must clearly specify what the omission is and why the omission is material. Failure to comply may result in dismissal with prejudice.

6.  Should Defendants seek to file a motion to dismiss the amended pleading, they shall notify Plaintiffs within 7 days of the filing of the amended pleading, and the parties shall thereafter meet and confer regarding which statements Plaintiff wishes the Court to assess on the motion to

4

dismiss. *See OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 489, 491 (3d Cir. 2016) (district court did not abuse its discretion by ordering securities fraud plaintiff to identify and "verbatim" quote "the five most compelling examples it could muster of false or fraudulent statements . . . , with three factual allegations demonstrating the falsity of each statement and three factual allegations supporting a finding of scienter as to the making of the statements"). Should the parties not reach agreement on an appropriate number of representative statements to be addressed in the motion to dismiss, the parties shall file a Motion for Teleconference (utilizing the same procedure used by the Court for discovery disputes). (*See* Judge Hall's section of the Court's website, in the "Forms" tab.) The Court will thereafter order a telephone conference and deadlines for submissions.

7.  Defendants' request to strike the allegations pertaining to unnamed Witness 1 pursuant to Federal Rule of Civil Procedure 12(f) is denied. Plaintiffs' counsel has indicated that it stands behind the allegations in the Complaint, notwithstanding that Witness 1 is apparently now attempting to recant those statements.

8.  Plaintiffs are not required to re-publish notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A).

February 4, 2025

                                                                                                     Jennifer L. Hall
                                                                                                     United States District Judge