## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: PLUG POWER INC. SECURITIES
LITIGATION

Case No. 1:23-cv-0409 (JLH)

## REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH
## DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

In connection with their motion to dismiss the second amended complaint in this action,

defendants Plug Power Inc. ("Plug Power"), Andrew Marsh, Paul B. Middleton, and Sanjay

Shrestha, by their undersigned counsel, respectfully request that the Court (1) recognize that

certain filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, and

conference call transcripts that are discussed in the complaint have been incorporated by reference

therein for purposes of the motion to dismiss, and (2) take judicial notice of these and certain other

documents as to which established authority permits such an action in connection with a motion

to dismiss.

## APPLICABLE STANDARDS

1.      The defendants have moved to dismiss the second amended complaint for failure

to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  The

complaint asserts claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934

and SEC Rule 10b-5 promulgated thereunder.

2.      In considering a motion to dismiss claims for alleged securities violations, "courts

must consider the complaint in its entirety, as well as other sources courts ordinarily examine when

ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the

complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Inst. Investors Group v. Avaya*, 564 F.3d 242, 246 n.3 (3d Cir. 2009). Public statements challenged as false or misleading under the securities laws must be evaluated "fairly and in context" rather than "in a vacuum." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).

3. "[B]inding Third Circuit precedent clearly states an exception to the general preclusion against consideration of matters extraneous to the pleadings for indisputably authentic documents and/or 'documents integral to or explicitly relied upon in the complaint.'" *Selective Way Ins. Co. v. Glasstech, Inc.*, 2014 WL 6629629, at *3 (D.N.J. Nov. 21, 2014) (quoting *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004)); *see Cohen v. Telsey*, 2009 WL 3747059, at *5 (D.N.J. Nov. 2, 2009) (citing *Tellabs*, 551 U.S. at 320). "[T]he rule specifically endeavors to avoid the result of a 'legally deficient claim' surviving a motion to dismiss solely as a result of the plaintiff's failure to attach a dispositive document on which the plaintiff bases its request for relief." *Selective Way*, 2014 WL 6629629, at *3 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

4. A court "must take judicial notice" of noticeable facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). A fact is subject to judicial notice if it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I.    EXHIBITS 1-19 ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

5. Courts consider documents such as Exhibits 1-19 that are referenced or quoted in a complaint when evaluating a defendant's motion to dismiss securities class actions and other private securities litigation. *Tellabs*, 551 U.S. at 322-23; *see Sapir v. Averbeck*, 2016 WL 554581, at *10 (D.N.J. Feb. 10, 2016) ("for purposes of the comparative scienter inquiry, the Court takes into consideration 'all of the facts alleged, taken collectively' – including whether allegations are

contradicted by other documents properly before the Court" (quoting *Tellabs*, 551 U.S. at 322)).

"[W]hen a portion [of a document] is explicitly relied upon in the complaint," "the court may

consider [the] document in its entirety." *In re Vicuron Pharm., Inc. Sec. Litig.*, 2005 WL 2989674,

at *3 (E.D. Pa. July 1, 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426

(3d Cir. 1997)); *see City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 168-69 (3d Cir. 2014)

(courts must do a "full reading" of incorporated documents to determine whether they are

actionable) (citing *Burlington Coat Factory*, 114 F.3d at 1426); *Wilson v. Bernstock*,

195 F. Supp. 2d 619, 623 (D.N.J. 2002) (when a pleading contains "excerpts from certain press

releases, public announcements, or publicly filed disclosure documents, a court may properly refer

to the full text of those public statements").

6.      Even where a complaint does not quote from or cite a document, a court may still

consider the document if it is integral to the complaint. *Burlington Coat Factory*, 114 F.3d at 1426.

A document is integral to a complaint if the underlying claims are "based" on the document. *Id.*

As with documents explicitly relied upon in a complaint, a court may consider such documents in

their entirety. *Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011) (upholding district court's

consideration of documents attached to a motion to dismiss because documents were referenced

in the complaint and integral to plaintiff's claims).

7.      A court may judicially notice a document that is integral to the complaint even if

that document was filed before the start of the putative class period. *See In re Amarin Corp. PLC

Sec. Litig.*, 2021 WL 1171669, at *8 (D.N.J. Mar. 29, 2021) (Form 10-Q filed before the start of

the class period was subject to judicial notice), *aff'd*, 2022 WL 2128560 (3d Cir. June 14, 2022);

*see also In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) (SEC

filings that were filed before the class period were subject to judicial notice); *Wozniak v. Align*

*Tech., Inc.*, 2011 WL 2269418, at \*7 n.5 (N.D. Cal. June 8, 2011) (Form 10-Q filed before the class period was incorporated in class period statements and thus was subject to judicial notice); *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at \*3 (C.D. Cal. May 8, 2013) (annual reports filed before and after the class period were subject to judicial notice).

8.      Exhibits 1 to 19 are integral to plaintiffs' claims.

9.      Attached as Exhibit 1 is a true and correct excerpted copy of a Form 10-K for the year 2020 that Plug Power filed with the SEC on May 14, 2021, which is integral to the complaint because plaintiffs challenge statements in paragraphs 131 and 143(a)-(b) of the complaint which cite to and incorporate by reference risk factors set forth in the Form 10-K.  (Exhibit 1 has been excerpted to include pages 4-8 and 14-31.)

10.      Attached as Exhibit 2 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on January 19, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraphs 131, 134-36, 142-43(a), and 157 of the complaint.

11.      Attached as Exhibit 3 is a true and correct copy of a Form 8-K that Plug Power filed with the SEC on January 19, 2022, which is quoted from and is incorporated by reference in paragraphs 143 and 157 of the complaint.

12.      Attached as Exhibit 4 is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug Power filed with the SEC on March 1, 2022 (reporting Q4 2021 and fiscal year 2021 results), which is quoted from and is incorporated by reference in paragraphs 132, 134-36, 142-43, and 157 of the complaint.

13.      Attached as Exhibit 5 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on March 1, 2022, in the form in which it was

4

retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraph 160 of the complaint.

14.     Attached as <u>Exhibit 6</u> is a true and correct excerpted copy of a Form 10-K that Plug Power filed with the SEC on March 1, 2022, which is quoted from and is incorporated by reference in paragraphs 146-47 of the complaint.  (Exhibit 6 has been excerpted to include pages 3-6, 15-34, and 43-45.)

15.     Attached as <u>Exhibit 7</u> is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug Power filed with the SEC on May 9, 2022 (reporting Q1 2022 results), which is quoted from and is incorporated by reference in paragraphs 143 and 157 of the complaint.

16.     Attached as <u>Exhibit 8</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on May 9, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraphs 41, 143, and 157 of the complaint.

17.     Attached as <u>Exhibit 9</u> is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug Power issued on August 9, 2022 (reporting Q2 2022 results), which is quoted from and is incorporated by reference in paragraphs 139-42, 149-50, 153, and 157 of the complaint.

18.     Attached as <u>Exhibit 10</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on August 9, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraphs 150, 237, and 242 of the complaint.

19.    Attached as Exhibit 11 is a true and correct copy of a press release issued by Plug Power on October 14, 2022, entitled "Plug [Power] Provides 2022 Revenue Expectations Update Reflecting Potential Timing and Supply Chain Impact," in the form in which it was retrieved from Plug Power's website, which is quoted from and is incorporated by reference in paragraphs 162-63, 164-69, and 198 of the complaint.

20.    Attached as Exhibit 12 is a true and correct copy of a Form 8-K with a transcript of a symposium that Plug Power held at its Rochester, New York factory on October 19, 2022 attached thereto, which Plug Power filed with the SEC on the same day, and which is quoted from and is incorporated by reference in paragraphs 149-51, 153, 172-73, and 231 of the complaint.

21.    Attached as Exhibit 13 is a true and correct copy of a Form 10-Q that Plug Power filed with the SEC on November 8, 2022, which is cited and is incorporated by reference in paragraphs 178-79 of the complaint.

22.    Attached as Exhibit 14 is a true and correct copy of a Form 8-K that Plug Power filed with the SEC on November 8, 2022, which is cited and is incorporated by reference in paragraphs 152, 155, 163-65, and 184 of the complaint.

23.    Attached as Exhibit 15 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on November 8, 2022, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference at paragraphs 143, 152-53, 156, 180, 184, and 186 of the complaint.

24.    Attached as Exhibit 16 is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on January 25, 2023, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraphs 162-65, 191-93, 198, and 231 of the complaint.

25. Attached as <u>Exhibit 17</u> is a true and correct excerpted copy of a Form 10-K that Plug Power filed with the SEC on March 1, 2023, which is quoted from and is incorporated by reference in paragraphs 165, 198-99, and 202 of the complaint. (Exhibit 17 has been excerpted to include pages 3-6 and 16-36.)

26. Attached as <u>Exhibit 18</u> is a true and correct copy of a Form 8-K that Plug Power filed with the SEC on March 1, 2023, which is quoted from and is incorporated by reference in paragraphs 198-99 of the complaint.

27. Attached as <u>Exhibit 19</u> is a true and correct copy of a transcript of a conference call with securities analysts hosted by Plug Power on March 1, 2023, in the form in which it was retrieved from S&P Global, which is quoted from and is incorporated by reference in paragraphs 198-201 and 203 of the complaint.

## II. EXHIBITS 1-23 ALSO ARE SUBJECT TO JUDICIAL NOTICE

28. In the context of securities actions, courts regularly take judicial notice of documents such as Exhibits 1-23 that are publicly filed with the SEC, press releases, or reflect transcripts of earnings conference calls made available publicly, pursuant to Rule 201 of the Federal Rules of Evidence. *Smith v. Antares Pharma, Inc.*, 2019 WL 2785600, at \*7 (D.N.J. July 2, 2019) (consistent with Rule 201, courts may consider, in reviewing motions to dismiss, "matters of public record, orders, [and] items appearing in the record of the case.") (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at \*2 n.1 (D.N.J. Apr. 27, 2017) (courts evaluating claims under the securities laws may take judicial notice of "SEC filings, press releases, and transcripts") (citing *Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007)), *aff'd*, 905 F.3d 106 (3d Cir. 2018); *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 151 n.5 (3d Cir. 2019) (taking judicial notice of fact from SEC filing).

29.     Attached as Exhibit 20 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug Power with the SEC on January 30, 2020.  Exhibit 20 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug Power's revenue target.  *See* Exh. 20 at 14.

30.     Attached as Exhibit 21 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug Power with the SEC on January 26, 2021.  Exhibit 21 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug Power's revenue target.  *See* Exh. 21 at 8.

31.     Attached as Exhibit 22 is a true and correct copy of a Form 8-K in the form in which it was filed by Plug Power with the SEC on February 25, 2021.  Exhibit 22 is subject to judicial notice because it was publicly filed with the SEC and contains information and cautionary language relating to, establishing, reviewing, and revising Plug Power's revenue target.  *See* Exh. 22 at 1.

32.     Attached as Exhibit 23 is a true and correct copy of a press release in the form in which it was publicly posted to Plug Power's website on August 10, 2021.  Exhibit 23 is subject to judicial notice because it was publicly posted on Plug Power's website and contains information relating to and establishing the state of construction of Plug Power's Georgia liquid hydrogen production facility.  *See* Exh. 23 at 1.

33.     Finally, in addition to being incorporated by reference in the complaint, Exhibits 1-19 independently are subject to judicial notice.  Exhibits 1, 3, 4, 6, 7, 9, 12-14, 17, and 18 are subject to judicial notice because they were publicly filed with the SEC and contain information

8

and cautionary language relating to, establishing, reviewing, and revising Plug Power's various yearly performance targets.  Exhibits 2, 5, 8, 10, 15, 16, and 19 are subject to judicial notice because they are publicly available transcripts of earnings conference calls.  Exhibit 11 is subject to judicial notice because it is a publicly available Plug Power press release.

Dated: April 30, 2025

Of Counsel:

John J. Clarke, Jr.*
john.clarke@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
(212) 335-4500


Yan Grinblat*
yan.grinblat@us.dlapiper.com
DLA PIPER LLP (US)
444 W. Lake Street, Suite 900
Chicago, Illinois 60606
(312) 368-4000
* Admitted *pro hac vice*

Respectfully submitted,

DLA PIPER LLP (US)

By:   */s/ Ronald N. Brown, III*
     Ronald N. Brown, III (Bar No. 4831)
     ronald.brown@us.dlapiper.com
     Peter H. Kyle (Bar No. 5918)
     peter.kyle@us.dlapiper.com
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5700

*Counsel for Defendant Plug Power Inc.*

RICHARDS, LAYTON, & FINGER P.A

By:   */s/Rudolf Koch*
     Rudolf Koch (Bar No. 4947)
     koch@rlf.com
     Jason J. Rawnsley (Bar No. 5379)
     rawnsley@rlf.com
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

*Counsel for Defendants*
*Andrew Marsh, Paul B. Middleton,*
*and Sanjay Shrestha*

9