**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:23-cv-0409-JLH |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CONCERNING CONFIDENTIAL DISCOVERY MATERIAL**

Lead plaintiffs Guy T. Brown and Wesley C. Brown ("Lead Plaintiffs") and defendants

Plug Power Inc. ("Plug Power"), Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha

("Defendants," and together with Lead Plaintiffs, the "Parties"), by and through their undersigned

counsel, stipulate to the following terms in this Proposed Protective Order ("Order"), subject to

the Court's approval:

1.      This Order applies to nonpublic information produced in the above-captioned

action (the "Action").  A Party or relevant nonparty may designate as "Confidential" any material

that the Party or relevant nonparty believes in good faith constitutes confidential or proprietary

business, technical, or financial information, commercially or competitively sensitive information,

including confidential research or development information, personal identifying information, or

strategic information ("Confidential Material").  A Party or relevant nonparty may designate as

"Highly Confidential" any material, the disclosure of which would create a substantial risk of

serious competitive harm that could not be avoided by less restrictive means, such as merger and

acquisition strategies and discussions, proprietary technologies, and trade secrets ("Highly

Confidential Material").  The protections conferred by this Order also cover all copies, excerpts,

summaries, compilations, or other documents or media (*e.g.*, electronic, video, or audio) that

excerpt, contain, or otherwise reveal the substance of Confidential Material or Highly Confidential Material.

2. This Order is without prejudice to the right of any Party or nonparty to contest the admissibility, discoverability, or privileged status of any document or information.

3. **Designation of Confidential Material or Highly Confidential Material.**

a. Any entity or natural person, whether Party or nonparty, responding to discovery requests, providing testimony, or otherwise providing materials in connection with this Action, or possessing a confidentiality interest in produced material, may designate qualifying material as "Confidential" or "Highly Confidential." Such person or entity is a "<u>Designating Person</u>" under this Order. Any other entity or natural person receiving Confidential Material or Highly Confidential Material is a "<u>Receiving Person</u>."

b. Except as otherwise provided in this Order, material that qualifies for protection under this Order must be clearly designated as "Confidential" or "Highly Confidential" before it is disclosed or produced in order for such material to be considered Confidential Material or Highly Confidential Material. Designation of material as "Confidential" or "Highly Confidential" may only be made after a good-faith review by counsel for the Designating Person.

c. Subject to the procedures set forth in this Order, any Designating Person may designate as "Confidential" or "Highly Confidential" any documents or information produced before the entry of this Order.

4. **Documents.**

a. Designating Persons must designate documents as "Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

2

"CONFIDENTIAL."  Designating Persons must designate documents as "Highly Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL."  For electronically stored information produced in native format, the Producing Party shall include the word "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend to the media containing the material.

b.      Any document designated as "Confidential" or "Highly Confidential" when produced will remain protected unless the Designating Persons and Receiving Persons agree in writing to remove the designation, or as otherwise ordered by the Court.

5.      **Deposition Testimony.**  By default, all deposition transcripts are designated as "Confidential" from the date of the deposition and for a period of thirty (30) days following a Party's receipt of the final deposition transcript (as certified by the court reporter).  The Designating Person proposing to maintain a "Confidential" designation with respect to all or part(s) of the transcript must provide written notice of which parts of the transcript it is so designating (i) within thirty (30) days after receipt of the final transcript, or (ii) on the record at the deposition. Thereafter, only those portions of the deposition designated as "Confidential" shall be deemed Confidential Material.  The Designating Person also may propose a "Highly Confidential" designation with respect to part(s) of the transcript if it provides written notice of which parts of the transcript it is so designating (i) within thirty (30) days after receipt of the final transcript, or (ii) on the record at the deposition.  Thereafter, only those portions of the deposition designated as "Highly Confidential" shall be deemed Highly Confidential Material.  Any document designated "Confidential" or "Highly Confidential" that is introduced or discussed during a deposition will maintain that designation and the protections afforded to Confidential

3

Material or Highly Confidential Material without further action by the Designating Person. The Designating Person must separately designate any testimony describing a document designated "Confidential" or "Highly Confidential."

6.    **Objections.**

a.    A Receiving Person may object to the designation of materials as "Confidential" or "Highly Confidential" prior to the close of fact discovery, or for good cause shown at any time before the final pretrial conference, by giving written notice to the Designating Person. Failure to do so at the time of the designation shall not operate as a waiver of any Receiving Person's right to challenge the designation of materials as "Confidential" or "Highly Confidential." The written notice must specifically identify the documents or information as to which the objection is made and state with particularly the grounds of the objection. The Designating Person and Receiving Person must then meet and confer promptly in good faith and attempt to resolve the challenge without Court intervention.

b.    If the Designating Person and the Receiving Person cannot resolve the objection, the Receiving Person challenging the "Confidential" or "Highly Confidential" status may bring the dispute before the Court consistent with the procedures governing discovery disputes. If such a motion is made, any disputed Confidential Material or Highly Confidential Material must be treated as Confidential Material or Highly Confidential Material under the terms of this Protective Order until the Court rules on the motion. The Designating Person carries the burden of establishing that the contested material merits designation as "Confidential" or "Highly Confidential."

7.     **Use and Control of Confidential Material or Highly Confidential Material.**

a.     Confidential Material or Highly Confidential Material may not be disclosed or used for any purpose except for trial or other proceedings, or the preparation for trial or other proceedings, in the Action.

b.     This Protective Order does not preclude any Designating Person from using its own Confidential Material or Highly Confidential Material for any purpose.

c.     Confidential Material or Highly Confidential Material must be securely stored and maintained by a Receiving Person in a manner that reasonably ensures that access is limited to the persons authorized under this Order.  This paragraph applies to both electronic and physical copies of information.

d.     Material bearing a Confidential or Highly Confidential designation shall not be submitted to any open generative artificial intelligence ("<u>AI</u>") tool that is available to the public. Providing Confidential or Highly Confidential Material to an open, non-enterprise AI tool is considered disclosure to a third party.  Any Receiving Person may submit a Designating Person's Confidential or Highly Confidential Material to a closed, enterprise generative AI tool.  The Receiving Person will be responsible for destroying such Confidential or Highly Confidential Material from such tools as required by this Order.

e.     Counsel must (a) advise all persons to whom they provide Confidential Material or Highly Confidential Material of the terms of this Order, (b) inform those persons that they are subject to the terms and conditions of this Order before providing them with the Confidential Material or Highly Confidential Material, and (c) to the extent required by Section 8 below, shall be responsible for having such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and for maintaining a copy of the executed Exhibit A on

file.  A person may execute Exhibit A on behalf of all persons employed by that person. A Designating Person may request a copy of an executed Exhibit A only if that party has a reasonable, good faith belief that Confidential or Highly Confidential Material has been improperly used or disclosed.

f.    If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Confidential Material or Highly Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Person must promptly (a) notify in writing the Designating Person of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material or Highly Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute Exhibit A.

g.    Documents containing Confidential Material or Highly Confidential Material may be filed with the Court under seal or with the Confidential Material or Highly Confidential Material redacted.  Because judicial documents carry a strong presumption of public access, the Parties will make good-faith efforts to agree to unseal and/or limit redactions in documents filed with the Court.

h.    In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, the Designating Person must file a redacted version of any sealed document within seven days of the filing of the sealed document.

i.    This Order is without prejudice to the public right of access to judicial records or discovery material filed with the Court under any applicable common law, case law, the First Amendment to the U.S. Constitution, or the Federal Rules of Civil Procedure.  Any Party or nonparty may move to unseal or remove redactions from material filed with the Court.

j.       This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; or (ii) is acquired or learned by the Receiving Person independent of discovery in this Action.

8.       **Disclosure of Confidential Material or Highly Confidential Material.**

a.       Without the consent of the Designating Person or further order of the Court, Confidential Material may not be disclosed to anyone other than:

i.       the Parties;

ii.       counsel for a Party to this Action and their associated attorneys;

iii.       persons employed by the attorneys of the Parties working on this case, including without limitation electronic discovery counsel, contract attorneys, and paralegals, whose assistance is required in discovery, trial, or other proceedings, or the preparation for discovery, trial, or other proceedings, in this case;

iv.       persons employed by the Parties, to the extent such disclosure is necessary for discovery, trial, or other proceedings in this case, or preparation for discovery, trial, or other proceedings in this case;

v.       professional vendors whose duties and responsibilities require access to Confidential Material, including without limitation photocopy services and electronic discovery vendors;

vi.       the author, addressee, or recipient of any document, the original source of the information in any document, and others who had access to the document or the information at the time it was created or made available;

vii.       expert witnesses and consultants retained in connection with this proceeding and their staff, who have signed Exhibit A, provided that Lead Plaintiffs may only

7

disclose such material to such an expert or consultant (subject to the remainder of this paragraph) if such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or a consultant to, any direct competitor of Plug Power, as far as the expert or consultant can reasonably determine, and (ii) is using the Confidential Material solely in connection with this Action. The Parties have reached agreement, set forth in a separate document marked HIGHLY CONFIDENTIAL, concerning the identities of Plug Power's current direct competitors solely for purposes of this paragraph. Defendants may designate additional companies that they in good faith believe have become direct competitors of Plug Power due to changed circumstances, and the Parties may meet and confer concerning whether such companies should be deemed direct competitors of Plug Power for purposes of this paragraph, but such additions will not result in the disqualification of, or restrictions on providing Confidential Material to, a previously-retained expert or consultant. An expert or consultant who is a direct competitor of Plug Power, an employee of a direct competitor of Plug Power, or who is advising or discussing employment with or is a consultant to a direct competitor of Plug Power, shall not be provided access to Confidential Material by Lead Plaintiffs absent further order of the Court or consent of Defendants, except that such an expert or consultant who is a consultant to a direct competitor of Plug Power is only restricted from receiving such material if that consulting engagement concerns a hydrogen-energy business area in which that company directly competes with Plug Power, as far as the expert or consultant can reasonably determine. For avoidance of doubt, under no circumstances may an expert or consultant retained by Lead Plaintiffs share Confidential Material with a direct competitor of Plug Power.

viii.     the Court and any other court to which this lawsuit is appealed or transferred, or in which a motion concerning a subpoena issued in this lawsuit is filed, and the personnel of any such courts;

ix.     mediators, facilitators, case evaluators, and their staff, as selected by the Parties or appointed by the Court;

x.     professional jury or trial consultants and mock jurors whose duties and responsibilities require access to Confidential Material;

xi.     any liability insurance companies from which any defendant has sought or may seek insurance coverage to provide or reimburse for the defense of this Action or related matters or to satisfy any part of any liability in this Action or related matters;

xii.     court reporters and videographers and their staff whose duties and responsibilities require access to Confidential Material;

xiii.     deponents or witnesses, and their counsel, during the course of their testimony at deposition, trial, or other proceedings in this case;

xiv.     for purposes of witness preparation, any anticipated deponent or witness, in preparation for his or her deposition, hearing, or trial testimony, provided that the person identified in this paragraph may not retain copies of such Confidential Material; and

xv.     other persons by written agreement of the Parties.

b.     Highly Confidential Material may be disclosed only to the persons identified in subparagraphs i through xiii or subparagraph xv above or by order of the Court, provided (i) all persons receiving Highly Confidential Material (other than the Court, its staff, court reporters and videographers and their staff, and counsel of record) execute Exhibit A before receiving any such material; (ii) persons identified in subparagraphs i and x may only be provided

9

with summaries or paraphrased portions of Highly Confidential Material, and may not be provided with the underlying Highly Confidential Material, except that such persons may be provided with excerpts of Highly Confidential Material that appear in Court filings or drafts thereof; and (iii) persons identified in subparagraph xiii may only be provided Highly Confidential Material if they are not currently an employee of, or advising or discussing employment with, or a consultant to, any direct competitor of Plug Power.

9.    **Redesignation and Nonwaiver of Ability to Designate.**

a.    Except for testimony, documents, or other information disclosed in open court, in the event any Designating Person produces Confidential Material or Highly Confidential Material that has not been designated as such, or the period for designation under this Order has elapsed without such a designation, the Designating Person may redesignate the information to the same extent as it could have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information prior to the close of fact discovery, or at a later date upon a showing of good cause.

b.    Upon timely redesignation, the Receiving Person must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

10.    **Preservation of Privilege.**

a.    The production of materials (including documents, electronically stored information, testimony, or other information), that is subject to the attorney client privilege, the work product doctrine, or another legally recognized privilege or immunity from disclosure ("Privileged Information") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding unless the disclosure was made knowingly and with the express intent of waiving privilege as to the item disclosed. This Order shall be interpreted to

10

provide the maximum protection allowed by Federal Rule of Evidence 502(d), subject to the limitation in the preceding sentence concerning express waiver of privilege.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The provisions of Federal Rule of Evidence 502(b) do not apply.

b.     If the Designating Person informs the Receiving Person in writing that such Privileged Information was disclosed inadvertently, the Receiving Person must (i) promptly return, destroy, or sequester the specified Privileged Information and any copies thereof and confirm to the Designating Person of such return, destruction, or sequestration, (ii) not use or disclose the Privileged Information in any way until the claim is resolved, and (iii) take reasonable steps to retrieve any such Privileged Information that was disclosed or distributed before the Receiving Person was notified and prevent any further dissemination of the information.  The Designating Person must provide the Receiving Person with a privilege log for such Privileged Information within three business days of a request for such a log.  The Receiving Person may present the specific Privileged Information to the Court for *in camera* determination of the claim of privilege or other protection, but neither party may make arguments to the Court on the basis of the specific Privileged Information unless requested to do so by the Court.

11.     **Other Proceedings.**     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion, subpoena, order, or other compulsory process in any proceeding to disclose another party's information designated "Confidential" or "Highly

Confidential" shall, to the extent permissible by law: (a) promptly, and in any event within five (5) business days of receipt of such process give written notice to the Designating Person, including a copy of the process; and (b) promptly notify in writing the person who caused the process to issue that some or all of the material covered by the process is subject to this Order, including a copy of this Order.  If the Designating Person provides notice that the Designating Person is seeking a protective order or asserting any other challenge to the production of such materials, the person served with the process shall not produce any information designated in this Action as "Confidential" or "Highly Confidential" before a determination by the court or other authority from which the process issued.

12.     **Amendment.**  This Order may be amended by written stipulation of the Parties, subject to the Court's approval, or for good cause shown upon notice to all Parties and relevant nonparties and an opportunity to be heard.

13.     **Duration and Treatment of Confidential Material or Highly Confidential Material at Termination.**

a.     This Order will remain in full force and effect until or unless modified, superseded, or terminated by order of the Court.  The obligations of this Order will survive the termination of this Action and continue to bind the Parties, their counsel, and all Receiving Persons.

b.     After final disposition of this Action (*i.e.*, the latter of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions, applications for extension of time, or repleading under applicable law), each Receiving Person must, within sixty (60) days, make

reasonable efforts to destroy Confidential Material or Highly Confidential Material produced to that Receiving Person, and, if requested by a Designating Person, must certify in writing that it has done so.  Notwithstanding the foregoing, counsel for the Parties may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Material or Highly Confidential Material, with such papers remaining subject to the terms and conditions of this Order.  Further, this Order does not require the return or destruction of documents or information that a Receiving Person is required by law or court order to maintain, for such time as the law or court order requires it to be maintained, nor does it require the return or destruction of documents or information subject to a pending motion to compel production.

14.    **Additional Protections.**  Nothing in this Order prohibits any Party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which Confidential Material or Highly Confidential Material will be treated at trial.

Dated: June 22, 2026

JOHNSON VAN KWAWEGEN, LLP

Chad Johnson*
chad@jvk-law.com
Noam Mandel*
noam@jvk-law.com
Jonathan Zweig*
jonathan@jvk-law.com
Desiree Cummings*
desiree@jvk-law.com
Jai Chandrasekhar*
jai@jvk-law.com
485 Madison Avenue, 15th Floor
New York, New York 10022
(646) 836-9630

* Admitted *pro hac vice*

*Lead Counsel for the Class*

KESSLER TOPAZ MELTZER &
CHECK, LLP

Nathan A. Hasiuk*
nhasiuk@ktmc.com
Evan R. Hoey*
ehoey@ktmc.com
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

* Admitted *pro hac vice*

*Additional Counsel for the Class*

FRIEDLANDER & GORRIS, P.A.

*/s/ David Hahn*
Jeffrey M. Gorris (Bar No. 5012)
jgorris@friedlandergorris.com
David Hahn (Bar No. 6417)
dhahn@friendlandergorris.com
1201 North Market Street, Suite 2200
Wilmington, Delaware 19801
(302) 573-3500

*Liaison Counsel for the Class*

Of Counsel:

John J. Clarke, Jr.*
john.clarke@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Yan Grinblat*
yan.grinblat@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street
Chicago, Illinois 60606
(312) 368-4000


\* Admitted *pro hac vice*

DLA PIPER LLP (US)


*/s/ Ronald N. Brown, III*
Ronald N. Brown, III (Bar No. 4831)
ronald.brown@dlapiper.com
Peter H. Kyle (Bar No. 5918)
peter.kyle@dlapiper.com
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5700

*Counsel for Defendant Plug Power Inc.*


RICHARDS, LAYTON & FINGER, P.A.


*/s/ Jason J. Rawnsley*
Rudolf Koch (Bar No. 4947)
koch@rlf.com
Jason J. Rawnsley (Bar No. 5379)
rawnsley@rlf.com
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

*Counsel for Defendants Andrew Marsh,*
*Paul B. Middleton, and Sanjay Shrestha*


IT IS SO ORDERED this _____ day of _____, 2026.


_____
The Honorable Jennifer L. Hall
United States District Judge

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:23-cv-0409-JLH |

**EXHIBIT A
ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

I certify that I have read the attached Stipulated Protective Order.  I agree to be bound by the terms of the Stipulated Protective Order.

For purposes of enforcing the Stipulated Protective Order, I agree to be subject to the jurisdiction of the United States District Court for the District of Delaware.  I understand that violation of the Stipulated Protective Order may be punishable by contempt of court.

Name: _____

Title: _____

Organization: _____

Signature: _____

Dated: _____