**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:23-cv-0409-JLH |

**AGREEMENT CONCERNING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

Lead plaintiffs Guy T. Brown and Wesley C. Brown and defendants Plug Power Inc., Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha, by and through their undersigned counsel enter into the following agreement (the "Agreement") with respect to the management of electronic discovery in the above-captioned case.  For purposes of this Agreement, the term "Parties" means plaintiffs and defendants, "Producing Party" means a Party that produces electronically stored information ("ESI") or otherwise discloses information through discovery, and "Requesting Party" means the Party that has requested the production of ESI.

The Parties have agreed to this Agreement solely to avoid burdening the Court with an unnecessary dispute, based on all parties' assurances that they will meet their discovery obligations.  The obligations herein are not intended to abrogate or diminish any discovery obligations or protections governed by any other order or rule.

1. **General Provisions.**

a. **Cooperation.**  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.

b. **Proportionality.**  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information, which can originate in any form, including ESI and paper, and is not limited to information created or stored

electronically.  These efforts include identifying appropriate limits to discovery, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

        **c.**      **Privilege.**

      **i.**      The Parties are not required to log redactions if the basis for the privilege is apparent from the unredacted portion of the document.  The Parties may request privilege log entries for specific redacted documents on a document-by-document basis.

      **ii.**      The following categories of documents presumptively are not to be logged:

      **1.**      Communications exclusively between a Party or its representative(s) and its trial counsel after the commencement of the Action.

      **2.**      Work product created by trial counsel, an agent of trial counsel, or a Party at the direction of trial counsel, after commencement of the Action.

      **3.**      Activities undertaken in compliance with the duty to preserve information.

      **iii.**      For all documents withheld on the basis of privilege, the Parties agree to furnish logs which comply with the legal requirements under federal law, and will include the information identified below.  If any of that information is part of a redaction, then the redacted information may be left blank on the log.  The log shall contain:

      **1.**      A unique number for each entry on the log.

      **2.**      The date of document.

      **3.**      The author of the document.

**4.** If the document is an e-mail, the Subject Line of the e-mail (unless the Subject Line itself contains privileged information).

**5.** Recipient(s) of the document where reasonably ascertainable, including CC and BCC recipients in separate columns.

**6.** A description of why privilege is being asserted over the document.

**7.** The type of privilege being asserted.

**8.** The custodian.

**9.** If applicable, identification of any attorney who is an author or recipient of the document.

**iv.** A Party shall only be required to include one entry on the privilege log to identify withheld e-mails that constitute an uninterrupted dialogue between or among the same individuals (an "E-mail Chain"); provided, however, that the privilege log entry for any E-mail Chain shall identify that the e-mails are part of an E-mail Chain, and provided that the Requesting Party may request that each privileged email within the chain be separately logged.

**v.** Privilege logs will be produced on a rolling basis in Excel format.

**2.** **Redactions.** Each redaction on a document shall be completed using boxes that contain the reasons for the redaction at the point of each redaction on each page of the redacted document (e.g., "A-C" or similar notation if the reason is the attorney-client privilege). The redacted image file should be produced along with OCR text of the redacted file. Any privileged metadata may be excluded from the load file. Nothing in this Agreement shall be construed to affect, modify, or amend any protective order the parties file with the Court.

**3.**     **Specific E-Discovery Issues.**

**a.**     **Search methodology.**  If the Producing Party elects to use search terms or other advanced search methodologies to locate potentially responsive ESI, it shall disclose the search terms or other advanced search methodologies to the Requesting Party.  Absent a showing of good cause, a Requesting Party may request no more than 20 additional terms to be used in connection with the electronic search, provided that each individual "term" may include multiple words with connectors, as appropriate.  The parties will meet and confer in good faith about any requests for additional search terms.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed, provided that a combination of words, linked with connectors, may result in a sufficiently focused search term.

**b.**     **Format.**  All ESI that is deemed responsive and not privileged is to be produced in text-searchable 300 DPI Group IV black and white Tagged Image File Format (.TIFF or .TIF) files with the integrity of the underlying ESI, i.e., the original formatting (including all text, hidden content, tracked changes, speaker notes, comments, and images that would be visible to the reader using the native software), preserved. The TIFF files shall be produced in single-page format with associated text files containing extracted or OCR text, along with image load files (.OPT file and .LFP file). Upon written request, a Party shall produce color images for a reasonable number of selected documents. Documents produced in color shall be produced as single page, 300 DPI, color JPG images. with the quality setting 75% or higher. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension JPG.

**i.** Any document that cannot be converted to TIFF format shall be represented in the production with a placeholder TIFF image that bears the legend "This document cannot be converted to TIFF," along with its corresponding metadata in the Concordance DAT file.

**ii.** During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in the database/metadata load file.

**4.** **Native files.** Files not easily converted to image format, such as Excel, PowerPoint, and CSV files, shall be produced in native format. To the extent a TIFF file contains track changes or other information that a Party finds difficult to understand, that party may make a written request for a color copy or a native copy of that document, which request shall not be unreasonably refused. If a database or other source of structured data contains responsive information, or if audio and/or video recordings are responsive, the Parties should meet and confer to determine a mutually agreeable format for producing the information.

**a.** **Metadata fields.** The Parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists or can be automatically generated by a processing tool. For any documents that contain an attachment (for example, email), to the extent available, the fields listed below should be produced as part of the metadata load file for both the parent and child documents.

| Field Name | Description | Example / Format |
|---|---|---|
| **PRODBEG** | The Document ID number of first page of the document. | ABC0000001 |
| **PRODEND** | The Document ID number of the last page of a document. | ABC0000003 |
| **PROD BEGATTACH** | The Document ID number of the first page of the parent document. | ABC0000001 |

5

| Field Name | Description | Example / Format |
|---|---|---|
| **PROD ENDATTACH** | The Document ID number of the last page of the last attachment. | ABC0000008 |
| **CONFIDENTIALITY DESIGNATION** | The level of confidentiality assigned to the document by Counsel. | Confidential, Highly Confidential, AEO |
| **PGCOUNT** | The number of pages in a document (image records). | Numeric |
| **CUSTODIAN** | The individual from whose files the document was collected. | Smith, Joe. |
| **ALL CUSTODIANS** | All of the custodians / sources of a document from which the document originated. | Smith, Joe; Doe, Jane |
| **EMAIL SUBJECT** | The subject line of the e-mail. | |
| **EMAIL AUTHOR / FROM** | The display name and e-mail of the author of an e-mail. | Joe Smith <jsmith@email.com> |
| **EMAIL RECIPIENTS / TO** | The display name and e-mail of the recipient(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL CC** | The display name and e-mail of the copy(ies) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL BCC** | The display name and e-mail of the blind copy(ies) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL ATTACHMENT COUNT** | The number of attachments to a parent. | Numeric |
| **EMAIL ATTACHMENT NAME** | The original file name of attached record. | Attach1.doc |
| **RECEIVEDDATE** | The date the document was received. | MM/DD/YYYY |

| Field Name | Description | Example / Format |
|---|---|---|
| **RECEIVED TIME** | The time the document was received. | HH:MM |
| **SENT DATE** | The date the document was sent. | MM/DD/YYYY |
| **SENT TIME** | The time the document was sent. | HH:MM |
| **TIME OFFSET VALUE / TIMEZONE PROCESSED** | Coordinated Universal Time (UTC). | UTC |
| **FILE NAME** | The file name of a native document. | Document Name.xls |
| **FILE AUTHOR** | The author of a document from extracted metadata. | jsmith |
| **DOC TITLE** | The extracted title of the document. | Table of Contents |
| **DOCUMENT TYPE** | The type of document. | Email, Email Attachment, eDoc, eDoc Attachment, Embedded File, Linked Document, Short Message/Chat, etc. |
| **FILE MANAGER / APPLICATION DESCRIPTION** | Native file application. | Microsoft Excel, Word, etc. |
| **FILE EXTENSION** | The file extension of a document. | XLS |
| **FILE CREATE DATE** | The date the document was created. | MM/DD/YYYY |
| **FILE CREATE TIME** | The time the document was created. | HH:MM |
| **FILE LAST MODIFICATION DATE** | The date the document was last modified. | MM/DD/YYYY |
| **FILE LAST ACCESS DATE** | The date the document was last accessed. | MM/DD/YYYY |

| Field Name | Description | Example / Format |
|---|---|---|
| **FILE LAST SAVED BY** | The last individual to save the file. | jsmith |
| **FILE LAST EDITED BY** | The name of the last person to edit the document from extracted metadata. | jsmith |
| **DATE APPOINTMENT START** | Date of calendar appointment entry. | MM/DD/YYYY |
| **TIME APPOINTMENT START** | Start time of calendar appointment entry. | HH:MM |
| **DATE APPOINTMENT END** | End date of calendar appointment entry | MM/DD/YYYY |
| **TIME APPOINTMENT END** | End time of calendar appointment entry. | HH:MM |
| **FILESIZE** | The file size of a document (including embedded attachments). | Numeric |
| **FILE PATH / ORIGINAL PATH** | Location of the original document / location in the ordinary course of business. This field should be populated for email and e-files. | Joe Smith/E-mail/Inbox Joe Smith/E-mail/Deleted Items |
| **MD5HASH** | The MD5 Hash value or de-duplication key assigned to a document. | |
| **NATIVELINK** | The full path to a native copy of a document. | D:\NATIVES\ABC000001.xls |
| **TEXT LINK** | Relative path and file name for the text file on the production media. | \PRODNAME\TEXT\ TEXT001\DOC_000001.txt |

| Field Name | Description | Example / Format |
|---|---|---|
| **SLIPSHEET** | Indication of whether the document has been produced with a slipsheet. | Yes or No |
| **REDACTED** | Indication of whether the document has been redacted. | Yes or No |

     **b.**     **Short Form Communications.**  SMS, text messages, iMessages, and similar chats shall be produced in RSMF format with all available metadata and attachments. Except for messages that contain privileged content, the complete communication will be produced, separated into 24-hour increments.  To the extent RSMF cannot be provided, the Parties shall meet and confer on the appropriate metadata fields and alternative format of production.

     **c.**     **Dynamic Fields.**  All dynamic date and time fields, where such fields are processed to contain a value, shall be processed with a single date and time setting that is consistent across each Party's productions, Coordinated Universal Time (UTC), in a way that maintains the date/time shown in a document as it was last saved by the custodian or end user, not the date of collection or processing (i.e., force off auto data).

     **d.**     **Embedded Objects.**  To the extent practicable, Parties shall not produce as separate attachments formatting files (e.g., .ole or .dll) or non-substantive embedded objects, including, but not limited to logos, icons, and footers or similar non-substantive images that are visible from the parent email but extracted as separate files during processing.

     **e.**     **Compressed File Types.**  The Producing Party need not produce a slipsheet reflecting the empty compressed file and may, instead, reference the compressed file in source path information.

**5.** **Email Threading.** Email thread suppression may be applied to cull or filter email families from a Party's review set, provided that the use of such tools does not exclude from production any otherwise responsive email or unique content, including unique attachments, and provided that no non-duplicative information is lost as a result. In an email thread that contains redacted content, only the last-in-time portion of the thread that is relevant needs to be produced if all previous emails in the thread are contained within the final message(s), and provided that all non-privileged attachments to lesser-included emails are produced. If an email thread that is being produced does not contain redacted content, the lesser-included relevant emails and their non-privileged attachments must be produced as separate documents. The use of email thread suppression for review purposes must not result in emails or email families within the relevant time period being excluded from review, even if part of an email family is outside the relevant time period.

**6.** **Deduplication.** When collecting and processing data, each Party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the parent-document level, in a manner that does not break up document families. Attachments should not be eliminated as duplicates for purposes of de-duplication, unless the parent email and all attachments are also duplicates. De-duplication shall be done across the entire collection (global de-duplication) and across custodians.

**7.** **Translations.** The Producing Party does not have an obligation to create an English translation of a document for purposes of discovery or associate an existing English translation to a foreign language original, when the documents are not located together or otherwise associated with one another in the ordinary course.

**8.** **Attachments.** If any part of an email or its attachments is responsive, the entire email and all attachments are considered responsive. For the avoidance of doubt, nothing in this provision shall modify the producing party's ability to withhold or redact material for attorney-client privilege, work product protection, or any other applicable privilege or protection.

**9.** **Encrypted Files.** To the extent reasonably feasible, any password protected or encrypted documents shall be processed to unlock any passwords or encryption in order to produce the unlocked or decrypted document. To the extent that any password protected or encrypted documents or files are produced, the receiving party may make a written request for the password or decryption of any such document or file, which request shall not be unreasonably refused.

**10.** **Modification.** This Agreement may be modified solely by mutual written agreement of the parties.

Agreed to by:

 /s/ Ronald N. Brown, III
DLA PIPER LLP (US)
Ronald N. Brown, III (Bar No. 4831)
Peter H. Kyle (Bar No. 5918)
Kelly Freund (Bar No. 6280)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5700
ronald.brown@dlapiper.com
peter.kyle@dlapiper.com
kelly.freund@dlapiper.com

*Counsel for Defendant Plug Power Inc.*

DLA PIPER LLP (US)
John J. Clarke, Jr. (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
john.clarke@us.dlapiper.com

DLA PIPER LLP (US)
Yan Grinblat (*pro hac vice*)
444 West Lake Street
Chicago, Illinois 60606
(312) 368-4000
yan.grinblat@us.dlapiper.com

*Of Counsel for Defendant Plug Power Inc.*


 /s/ Jason J. Rawnsley
RICHARDS, LAYTON & FINGER, P.A.
Rudolf Koch (Bar No. 4947)
Jason J. Rawnsley (Bar No. 5379)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
koch@rlf.com
rawnsley@rlf.com

*Counsel for Defendants Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha*

 /s/ David Hahn
FRIEDLANDER & GORRIS, P.A.
Jeffrey M. Gorris (Bar No. 5012)
David Hahn (Bar No. 6417)
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3500
jgorris@friedlandergorris.com
dhahn@friedlandergorris.com

*Liaison Counsel for the Class*

JOHNSON VAN KWAWEGEN, LLP
Chad Johnson (*pro hac vice*)
Noam Mandel (*pro hac vice*)
Desiree Cummings (*pro hac vice*)
Jonathan Zweig (*pro hac vice*)
Jai Chandrasekhar (*pro hac vice*)
485 Madison Avenue, 15th Floor
New York, New York 10022
Telephone: (646) 836-9630
chad@jvk-law.com
noam@jvk-law.com
desiree@jvk-law.com
jonathan@jvk-law.com
jai@jvk-law.com

*Lead Counsel for the Class*

KESSLER TOPAZ MELTZER
   & CHECK, LLP
Nathan A. Hasiuk (*pro hac vice*)
Evan R. Hoey (*pro hac vice*)
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
nhasiuk@ktmc.com
ehoey@ktmc.com

*Additional Counsel for the Class*

SO ORDERED this 10th day of August, 2026.

_____
The Honorable Jennifer L. Hall
United States District Judge