**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:23-cv-0409 (JLH)<br><br>**FILED UNDER SEAL** |

**REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH**
**ALL DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

In connection with their motion to dismiss the third amended complaint in this action, defendants Plug Power Inc. ("Plug Power"), Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha, by their undersigned counsel, respectfully request that the Court (1) recognize that certain filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, meeting minutes from a meeting with leadership in Kingsland, Georgia, and [redacted] that are discussed in the complaint have been incorporated by reference therein for purposes of the motion to dismiss, and (2) take judicial notice of these documents as to which established authority permits such an action in connection with a motion to dismiss.

## APPLICABLE STANDARDS

1. The defendants have moved to dismiss with prejudice any claims that plaintiffs have attempted to revive in the third amended complaint for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The complaint asserts claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

2. In considering a motion to dismiss claims for alleged securities violations, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when

ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Inst. Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 246 n.3 (3d Cir. 2009). Public statements challenged as false or misleading under the securities laws must be evaluated "fairly and in context" rather than "in a vacuum." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015).

3. "[B]inding Third Circuit precedent clearly states an exception to the general preclusion against consideration of matters extraneous to the pleadings for indisputably authentic documents and/or 'documents integral to or explicitly relied upon in the complaint.'" *Selective Way Ins. Co. v. Glasstech, Inc.*, 2014 WL 6629629, at *3 (D.N.J. Nov. 21, 2014) (quoting *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004)); *see Cohen v. Telsey*, 2009 WL 3747059, at *5 (D.N.J. Nov. 2, 2009) (citing *Tellabs*, 551 U.S. at 320). "[T]he rule specifically endeavors to avoid the result of a 'legally deficient claim' surviving a motion to dismiss solely as a result of the plaintiff's failure to attach a dispositive document on which the plaintiff bases its request for relief." *Selective Way*, 2014 WL 6629629, at *3 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

4. A court "must take judicial notice" of noticeable facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). A fact is subject to judicial notice if it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I. <u>EXHIBITS 1-12 ARE INCORPORATED BY REFERENCE IN THE COMPLAINT</u>

5. Courts consider documents such as Exhibits 1-12 that are referenced or quoted in a complaint when evaluating a defendant's motion to dismiss securities class actions and other private securities litigation. *Tellabs*, 551 U.S. at 322-23; *see Sapir v. Averbeck*, 2016 WL 554581,

at *10 (D.N.J. Feb. 10, 2016) ("[F]or purposes of the comparative scienter inquiry, the Court takes into consideration '*all* of the facts alleged, taken collectively' – including whether allegations are contradicted by other documents properly before the Court." (quoting *Tellabs*, 551 U.S. at 322)). "[W]hen a portion [of a document] is explicitly relied upon in the complaint," "the court may consider [the] document in its entirety." *In re Vicuron Pharm., Inc. Sec. Litig.*, 2005 WL 2989674, at *3 (E.D. Pa. July 1, 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), *abrogated on other grounds by In re Ocugen, Inc. Sec. Litig.*, 2026 WL 2934862 (3d Cir. Sept. 30, 2026)); *see City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 168-69 (3d Cir. 2014) (courts must do a "full reading" of incorporated documents to determine whether they are actionable) (citing *Burlington Coat Factory*, 114 F.3d at 1426); *Wilson v. Bernstock*, 195 F. Supp. 2d 619, 623 (D.N.J. 2002) (when a pleading contains "excerpts from certain press releases, public announcements, or publicly filed disclosure documents, a court may properly refer to the full text of those public statements").

6. Even where a complaint does not quote from or cite a document, a court may still consider the document if it is integral to the complaint. *Burlington Coat Factory*, 114 F.3d at 1426. A document is integral to a complaint if the underlying claims are "based" on the document. *Id.* As with documents explicitly relied upon in a complaint, a court may consider such documents in their entirety. *Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011) (upholding district court's consideration of documents attached to a motion to dismiss because documents were referenced in the complaint and integral to plaintiff's claims).

7. Courts may consider documents produced in discovery and attached to defendants' motion to dismiss if their authenticity is not disputed and "if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.

1993). This precludes a plaintiff from surviving a motion to dismiss on an otherwise "legally deficient claim" for "failing to attach a dispositive document on which it relied." *Id.* Plaintiffs are "on notice" that documents are "central to their claims" when they extensively quote and reference the documents, and the court may "appropriately consider[ the documents] in resolving [a] motion to dismiss." *Corman v. Nationwide Life Ins. Co.*, 396 F. Supp. 3d 530, 536-37 (E.D. Pa. 2019). Courts may also consider the documents if they are "excerpted and otherwise described" in the complaint even if not attached to briefs or pleadings. *Id.* at 537.

8. A court may judicially notice a document that is integral to the complaint even if that document was filed before the start of the putative class period. *See In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *8 (D.N.J. Mar. 29, 2021) (Form 10-Q filed before the start of the class period was subject to judicial notice), *aff'd*, 2022 WL 2128560 (3d Cir. June 14, 2022); *see also In re Tibco Software, Inc.*, 2006 WL 1469654, at *17 (N.D. Cal. May 25, 2006) (SEC filings that were filed before the class period were subject to judicial notice); *Wozniak v. Align Tech., Inc.*, 2011 WL 2269418, at *7 n.5 (N.D. Cal. June 8, 2011) (Form 10-Q filed before the class period was incorporated in class period statements and thus was subject to judicial notice); *Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013) (annual reports filed before and after the class period were subject to judicial notice).

9. Exhibits 1 to 12 are integral to plaintiffs' claims.

10. Attached as Exhibit 1 is a true and correct copy of [redacted] in the form in which plaintiffs produced it to Plug Power with the beginning Bates number [redacted] which is quoted from

and is incorporated by reference in paragraphs 99, 109, 113, 117-18, 120, 129, 186, and 274 of the complaint.

11. Attached as Exhibit 2 is a true and correct copy of January 18, 2022, minutes from a meeting with Kingsland officials in the form in which plaintiffs produced it to Plug Power with the beginning Bates number Plug_Kingsland_000001177, which is quoted from and is incorporated by reference in paragraphs 94-98 and 273 of the complaint.

12. Attached as Exhibit 3 is a true and correct copy of [redacted] in the form in which plaintiffs produced it to Plug Power with the beginning Bates number [redacted] which is quoted from and is incorporated by reference in paragraphs 99, 109, 113-14, 118, 120, 122, 129, 187, and 274 of the complaint.

13. Attached as Exhibit 4 is a true and correct excerpted copy of a Form 10-K that Plug Power filed with the SEC on March 1, 2022, which is quoted from and is incorporated by reference in paragraphs 183-84 of the complaint. (Exhibit 4 has been excerpted to include pages 3-6 and 15-34.)

14. Attached as Exhibit 5 is a true and correct copy of [redacted], in the form in which plaintiffs produced it to Plug Power with the beginning Bates number [redacted], which is quoted from and is incorporated by reference in paragraphs 99, 109, 113, 120, and 123 of the complaint.

15. Attached as Exhibit 6 is a true and correct copy of [redacted], in the form in which plaintiffs produced

it to Plug Power with the beginning Bates number [redacted], which is quoted from and is incorporated by reference in paragraphs 99, 109, 113, 120, and 123 of the complaint.

16. Attached as Exhibit 7 is a true and correct copy of [redacted], in the form in which plaintiffs produced it to Plug Power with the beginning Bates number [redacted], which is quoted from and is incorporated by reference in paragraphs 99, 109, 113, 115, 120, 124, 130, and 197 of the complaint.

17. Attached as Exhibit 8 is a true and correct copy of a Form 8-K and the investor letter attached thereto that Plug Power issued on August 9, 2022 (reporting Q2 2022 results), which is quoted from and is incorporated by reference in paragraphs 176-79, 189-90, 193, and 198 of the complaint.

18. Attached as Exhibit 9 is a true and correct copy of [redacted] in the form in which plaintiffs produced it to Plug Power with the beginning Bates number [redacted] which is quoted from and is incorporated by reference in paragraphs 99, 109, 113-15, 120, 124-26, 130, and 197 of the complaint.

19. Attached as Exhibit 10 is a true and correct copy of a press release issued by Plug Power on October 14, 2022, entitled "Plug [Power] Provides 2022 Revenue Expectations Update Reflecting Potential Timing and Supply Chain Impact," in the form in which it was retrieved from Plug Power's website, which is quoted from and is incorporated by reference in paragraphs 203-10 and 239 of the complaint.

20. Attached as Exhibit 11 is a true and correct copy of a Form 8-K that Plug Power filed with the SEC on November 8, 2022, which is cited and is incorporated by reference in paragraphs 192, 195, 204-06, and 225 of the complaint.

21. Attached as Exhibit 12 is a true and correct excerpted copy of a Form 10-K that Plug Power filed with the SEC on March 1, 2023, which is quoted from and is incorporated by reference in paragraphs 206, 239-40, and 243 of the complaint. (Exhibit 12 has been excerpted to include page 45.)

## II. EXHIBITS 4, 8, AND 10-12 INDEPENDENTLY ARE SUBJECT TO JUDICIAL NOTICE

22. In the context of securities actions, courts regularly take judicial notice of documents such as Exhibits 4, 8, and 10-12 that are publicly filed with the SEC or are press releases, pursuant to Rule 201 of the Federal Rules of Evidence. *Smith v. Antares Pharma, Inc.*, 2019 WL 2785600, at *7 (D.N.J. July 2, 2019) (consistent with Rule 201, courts may consider, in reviewing motions to dismiss, "matters of public record, orders, [and] items appearing in the record of the case") (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at *2 n.1 (D.N.J. Apr. 27, 2017) (courts evaluating claims under the securities laws may take judicial notice of "SEC filings, press releases, and transcripts") (citing *Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007)), *aff'd*, 905 F.3d 106 (3d Cir. 2018); *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 151 n.5 (3d Cir. 2019) (taking judicial notice of fact from SEC filing).

23. Finally, in addition to being incorporated by reference in the complaint, Exhibits 4, 8, and 10-12 independently are subject to judicial notice. Exhibits 4, 8, and 11-12 are subject to judicial notice because they were publicly filed with the SEC and contain information and cautionary language relating to, establishing, reviewing, and revising Plug Power's various yearly

performance targets. Exhibit 10 is subject to judicial notice because it is a publicly available Plug Power press release.

Dated: October 9, 2026

Respectfully submitted,

Of Counsel:

John J. Clarke, Jr.*
john.clarke@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Jason S. Lewis*
jason.lewis@us.dlapiper.com
Mallory Biblo*
mallory.biblo@us.dlapiper.com
DLA PIPER LLP (US)
1900 N. Pearl Street
Dallas, Texas 75201
(713) 425-8400

Yan Grinblat*
yan.grinblat@us.dlapiper.com
DLA PIPER LLP (US)
444 W. Lake Street, Suite 900
Chicago, Illinois 60606
(312) 368-4000

* Admitted *pro hac vice*

DLA PIPER LLP (US)

By: */s/ Ronald N. Brown, III*
Ronald N. Brown, III (Bar No. 4831)
ronald.brown@us.dlapiper.com
Kelly L. Freund (Bar No. 6280)
kelly.freund@us.dlapiper.com
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5700

*Counsel for Defendant Plug Power Inc.*

RICHARDS, LAYTON & FINGER, P.A.

By: */s/ Jason J. Rawnsley*
Rudolf Koch (Bar No. 4947)
koch@rlf.com
Jason J. Rawnsley (Bar No. 5379)
rawnsley@rlf.com
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

*Counsel for Individual Defendants Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha*